United States Court of Appeals
**Fifth Circuit**

**F I L E D**

**October 13, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-40542
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JORGE ADRIAN HERNANDEZ; JIMMIE LEE THOMAS,

Defendants-Appellants.

--------------------
Appeals from the United States District Court
for the Southern District of Texas
USDC No. 5:03-CR-1941-6
--------------------

Before JOLLY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Jorge Adrian Hernandez (Hernandez) and Jimmie Lee Thomas appeal their jury convictions and sentences for conspiracy to possess with intent to distribute marijuana and cocaine, aiding and abetting, and possession with intent to distribute marijuana, aiding and abetting. We affirm.

Challenging the sufficiency of the evidence regarding their conspiracy convictions, Hernandez and Thomas argue that they were charged with engaging in a multiple-object conspiracy involving cocaine and marijuana; the evidence did not establish that the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

conspiracy involved cocaine; and, consequently, because the jury was not charged in the disjunctive with respect to the conspiracy count, its general verdict of guilty must be set aside. They also argue that the evidence was insufficient to establish that they knew or could have reasonably foreseen that the conspiracy involved more than 1,000 kilograms of marijuana and more than 500 grams of cocaine.

In keeping with the elements of a 21 U.S.C. § 841(a)(1) conspiracy offense, the district court charged the jury in pertinent part that it had to find that two or more persons "reached an agreement to possess with intent to distribute controlled substances." See § 841(a)(1); United States v. Villegas-Rodriguez, 171 F.3d 224, 228 (5th Cir. 1999). Consequently, to find Hernandez and Thomas guilty under § 841(a)(1), the jury did not have to find that the conspiracy involved an agreement to possess with intent to distribute a certain quantity of cocaine and marijuana, only that it involved an agreement to possess with intent to distribute controlled substances. Furthermore, § 841(b), a penalty provision, does not make a defendant's knowledge of drug type or quantity an element of the offense; therefore, the Government was not required to prove that the possession or distribution of cocaine by other members of the conspiracy was reasonably foreseeable to either Hernandez or Thomas or that either defendant had specific knowledge about the drug quantities involved. See United States v. Gamez-Gonzalez, 319

F.3d 695, 700 (5th Cir. 2003).  Their arguments are therefore meritless.

Hernandez argues that the evidence was insufficient to establish that he knowingly aided and abetted the possession of the marijuana seized at the checkpoint on November 11, 1999, and from his home on March 30, 2000.  He concedes that he failed to move for a judgment of acquittal with regard to the November seizure, and the record reveals that the ground on which he moved for a judgment of acquittal regarding the March seizure was different from the argument raised on appeal.  Our review of these issues is therefore "limited to determining whether . . . the record is devoid of evidence pointing to guilt."  United States v. Herrera, 313 F.3d 882, 885 (5th Cir. 2002) (en banc).

The jury could reasonably have inferred from the content of Frank Hernandez's cellular phone call to Hernandez that Julian Ramirez used Hernandez's truck to transport the marijuana to Royal Forwarding; that Hernandez had granted Ramirez unfettered access to Royal Forwarding for the purpose of loading drugs; that Hernandez was aware of the November 11, 1999, load prior to its seizure; and that he sought by his actions to make the distribution venture succeed.  See United States v. Valdez, 453 F.3d 252, 260 (5th Cir. 2006); United States v. Peters, 283 F.3d 300, 307 (5th Cir. 2002).

We further hold that the jury could reasonably have inferred from Officer Adan Hernandez's testimony that Hernandez had been

inside his home the night on which the marijuana was seized; that he had seen the sealed boxes of marijuana in his kitchen, which were in plain view; and that he knew the boxes contained marijuana by virtue of the drug paraphernalia and 13 firearms found inside his residence. The record is therefore not devoid of evidence of his guilt on these counts.

Thomas argues that the evidence was insufficient to establish that he knowingly aided and abetted the possession of the marijuana seized from his tractor-trailer on September 10, 2000. He concedes that he did not move for a judgment of acquittal on this count. We hold that the record is not devoid of evidence of his guilt because the jury was free to discredit his self-serving protestations of innocence and, instead, to find credible the Government witnesses who testified, inter alia, that Thomas was a driver for Jimmie Lee Thornton, Ramirez's Alabama drug contact, and Thomas was present in a motel room when Thornton paid Ramirez $20,000 for the load of marijuana. See United States v. Garza, 990 F.2d 171, 175 (5th Cir. 1993); see also United States v. Polk, 56 F.3d 613, 620 (5th Cir. 1995).

Hernandez and Thomas both argue that the district court clearly erred in denying them a U.S.S.G. § 3B1.2(b) adjustment for their purportedly minor roles in the offense. We uphold the district court's finding because the evidence did not establish that either Hernandez or Thomas was peripheral to the advancement

of the illegal activity.  See United States v. Miranda, 248 F.3d 434, 446-47 (5th Cir. 2001).

Hernandez further argues that the district court erred in enhancing his base offense level pursuant to U.S.S.G. § 2D1.1(b)(1) based on its finding that he possessed firearms in connection with the drug trafficking offense.  However, he concedes that this argument has merit only if we hold that the evidence was insufficient to support his conviction for aiding and abetting the possession of the marijuana found in his home.  Because we have held that the evidence was sufficient on that count, his sentencing challenge, as he acknowledges, does not require further discussion. See United States v. Vasquez, 161 F.3d 909, 912 (5th Cir. 1998).

Hernandez additionally argues that the district court erred in holding him responsible for over 1,000 kilograms of marijuana for purposes of determining his base offense level.  However, he objected to that finding on grounds different from those raised on appeal; therefore, our review is for plain error only. See United States v. Cabral-Castillo, 35 F.3d 182, 188-89 (5th Cir. 1994). Because, the quantity of drugs implicated by a crime is a factual question, United States v. Rivera, 898 F.2d 442, 445 (5th Cir. 1990), Hernandez cannot show plain error. See United States v. Chung, 261 F.3d 536, 539 (5th Cir. 2001).

Finally, Thomas has failed to brief the issues whether the evidence was sufficient to establish that he knowingly possessed the marijuana seized from Mines Road on August 24, 2000, and

whether the district court clearly erred in holding him responsible for more than 100 kilograms of marijuana for purposes of calculating his base offense level.  He has therefore waived their review.  See United States v. Thames, 214 F.3d 608, 611 n.3 (5th Cir. 2000).

AFFIRMED.