# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

June 17, 2015

Lyle W. Cayce
Clerk

No. 14-11033
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JACK BAKER,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:14-CR-44-1

Before STEWART, Chief Judge, and ELROD and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Jack Baker appeals the 420-month within-guidelines sentence that was imposed following his conviction for conspiracy to possess with the intent to distribute methamphetamine. Finding no error, we affirm.

Baker first argues that the district court clearly erred in applying a two-level enhancement under U.S.S.G. § 2D1.1(b)(1) based on a finding that a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

firearm was possessed.  Baker contends that there was no credible evidence that he had a firearm.

We review de novo the legal application of the Guidelines and factual findings for clear error.  *United States v. Zapata-Lara*, 615 F.3d 388, 390 (5th Cir. 2010).  Section 2D1.1(b)(1) provides for a two-level upward adjustment to the defendant's offense level "[i]f a dangerous weapon (including a firearm) was possessed."  § 2D1.1(b)(1).  The Government can prove that the defendant personally possessed the weapon or that a coconspirator knowingly possessed the weapon and that the coconspirator's possession was reasonably foreseeable.  *Zapata-Lara*, 615 F.3d at 390.

In the instant case, the record contains evidence and the district court found that two of Baker's coconspirators knowingly possessed firearms.  Baker does not challenge the application of the enhancement on this basis.  Therefore, he fails to show that the district court's application of the enhancement was clearly erroneous.  *See Zapata-Lara*, 615 F.3d at 390.  Moreover, to the extent that Baker challenges the finding by the district court that he possessed a handgun in connection with the offense, the court's decision to reject the testimony of Baker's mother and credit the testimony of Officer Shayne Kotara on this issue is a credibility determination "peculiarly within the province" of the district court and will not be disturbed by this court.  *United States v. Goncalves*, 613 F.3d 601, 609 (5th Cir. 2010) (internal quotation marks and citation omitted).

Baker next challenges the district court's finding on the amount of methamphetamine for which he was held responsible, asserting that the statements by coconspirators on this issue were not credible.  The evidence submitted by Baker at the sentencing hearing did not rebut the information in the Presentence Report (PSR) regarding drug quantity.  Baker's argument is

based solely on the speculative assertion that his coconspirators lied about the amounts attributable to him.  In light of the information contained in the PSR as well as the testimony of Officer Kotara, the district court's factual finding regarding drug quantity was plausible and not clearly erroneous.  *See United States v. Alaniz*, 726 F.3d 586, 618-19 (5th Cir. 2013).

Also, as to drug quantity, Baker argues that there was no reliable evidence to support the determination that he was responsible for actual methamphetamine.  The PSR held Baker responsible for 180 ounces of actual methamphetamine, which resulted in a marijuana equivalency of 102,060 kilograms.

Although Baker objected to the drug quantity determination, he did not challenge the purity finding or argue that the quantity was incorrect on this basis.  Because Baker's objections did not sufficiently apprise the court of the basis of the challenge to the enhancement he now asserts on appeal, this issue is subject to plain error review.  *See United States v. Chavez-Hernandez*, 671 F.3d 494, 497-98 (5th Cir. 2012).

A district court's calculation of the quantity of drugs involved in an offense is a factual finding that can never constitute plain error.  *United States v. Claiborne*, 676 F.3d 434, 438 (5th Cir. 2012); *United States v. Betancourt*, 422 F.3d 240, 246 (5th Cir. 2005); *see also United States v. Hernandez*, 202 F. App'x 708, 711 (5th Cir. 2006).  Moreover, Baker failed to provide any evidence to rebut the PSR's determination regarding the purity level of the methamphetamine obtained by Baker.  He has not shown that the district court committed plain error by estimating his drug quantity based on the purity finding in the PSR.  *See Alaniz*, 726 F.3d at 618-19.

Finally, Baker challenges the two-level enhancement under U.S.S.G. § 2D1.1(b)(5) based on the finding that the methamphetamine was imported

No. 14-11033

from Mexico.   He argues that there is no evidence that he knew the methamphetamine was imported from Mexico.   Baker acknowledges that this issue is foreclosed in light of the decision in *United States v. Serfass*, 684 F.3d 548, 549-50, 553 (5th Cir. 2012), but contends that the *Serfass* decision is wrong.

We do not entertain this argument, as a panel of this court may not overrule the decision of another absent a superseding en banc or Supreme Court decision.  *See United States v. Lipscomb*, 299 F.3d 303, 313 & n.34 (5th Cir. 2002).     The possession with intent to distribute imported methamphetamine "without more" subjects the defendant to the § 2D1.1(b)(5) enhancement.   *United States v. Foulks*, 747 F.3d 914, 915 (5th Cir.), *cert. denied*, 135 S. Ct. 219 (2014).

The judgment of the district court is AFFIRMED.