# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 15, 2013

Lyle W. Cayce
Clerk

No. 12-50450
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

FERNANDO OCHOA,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:10-CR-1511-3

Before SMITH, PRADO, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Fernando Ochoa pleaded guilty to one count of conspiracy to transport illegal aliens, in violation of 8 U.S.C. § 1324(a)(1)(A)(v)(I), (B)(iv), and three counts of transporting illegal aliens, in violation of § 1324(a)(1)(A)(ii), (B)(i). The district court imposed an upward variance of 216 months in prison on the conspiracy count and a within-guidelines sentence of 60 months in prison, which was the statutory maximum sentence, on each of the remaining counts. All four

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentences were ordered to run concurrent. On appeal, Ochoa challenges his 216-month sentence.

We review sentences, whether inside or outside the guidelines range, for reasonableness. *Gall v. United States*, 552 U.S. 38, 51 (2007). We first examine whether the district court committed any procedural errors, such as failing to calculate or incorrectly calculating the advisory guidelines range or determining the sentence based on "clearly erroneous facts." *Id.* In making that determination, we review the district court's interpretation and application of the Sentencing Guidelines de novo and its findings of fact for clear error. *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). If no procedural error occurred, we review "the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Gall*, 552 U.S. at 51.

According to Ochoa, the district court committed a procedural error when it increased his offense level by two levels pursuant to U.S.S.G. § 3C1.1 for obstruction of justice. After considering the PSR, recordings of conversations between Ochoa and others while Ochoa was in jail, and Ochoa's testimony at his sentencing, which the district court found to be untruthful, the district court overruled Ochoa's objection to the § 3C1.1 enhancement. Specifically, the district court found that Ochoa attempted to delay the proceedings so as to influence the material witnesses, attempted to find out information about the border patrol agents assigned to his case, and attempted to coordinate his and his co-defendants' testimony. *See* § 3C1.1, comment. (n.4(a)). Ochoa has not met his burden of demonstrating that the evidence relied upon by the district court to determine that he obstructed justice was materially untrue, inaccurate, or unreliable. *See United States v. Solis*, 299 F.3d 420, 455 (5th Cir. 2002). Nor has he shown that the district court's finding that he obstructed justice was implausible in light of the record as a whole. *See United States v. Ekanem*, 555 F.3d 172, 175 (5th Cir. 2009). Therefore, Ochoa has not shown that the district

court clearly erred in increasing his offense level under § 3C1.1. *See United States v. Juarez-Duarte*, 513 F.3d 204, 208 (5th Cir. 2008).

Next, Ochoa argues that the district court committed a procedural error when it failed to decrease his offense level pursuant to U.S.S.G. § 3E1.1 for acceptance of responsibility. In its decision overruling Ochoa's objection, the district court found that Ochoa had not admitted to all of the elements of the offenses of conviction. *See* § 3E1.1(a). Particularly troubling to the district court were Ochoa's repeated attempts to minimize his role in the offenses of conviction. Thus, the district court concluded that Ochoa's case was not the type of "extraordinary" case which would qualify for adjustments under both § 3C1.1 and § 3E1.1. *See Juarez-Duarte*, 513 F.3d at 211; § 3E1.1, comment. (n.4). Ochoa has failed to show that the district court's decision was "without foundation." *See Juarez-Duarte*, 513 F.3d at 211.

In his final point of alleged procedural error, Ochoa asserts that the district court selected a sentence based on the following clearly erroneous facts: (1) Ochoa ordered his codefendants to abandon the illegal alien who later died in the brush off of Highway 277 in Texas; (2) he passed around pictures of the "dead guy"; and (3) he failed to apologize or express remorse. The error, Ochoa contends, is that his codefendant's hearsay statement was not sufficient to prove that he gave the order to leave the illegal alien behind.

"Even uncorroborated hearsay evidence may be sufficiently reliable." *United States v. Gaytan*, 74 F.3d 545, 558 (5th Cir. 1996). While we have noted that statements of codefendants are presumptively unreliable, *United States v. Flores*, 985 F.2d 770, 776 (5th Cir. 1993), at sentencing "a district court has wide discretion in determining which evidence to consider and which testimony to credit," *United States v. Edwards*, 65 F.3d 430, 432 (5th Cir. 1995).

According to the PSR, Ochoa's codefendant, Luis Francisco Ochoa Ramon told investigators that Ochoa ordered his other codefendant, Ariel Alberto Gonzalez Medina, to abandon the illegal alien in the brush. At sentencing,

Ochoa testified that he never ordered anyone to leave the alien behind. The district court rejected Ochoa's testimony, finding it to be untruthful. In fact, the district court found that Ochoa had been untruthful with respect to almost every issue in the case. This court should defer to the district court's credibility determination. *See Juarez-Duarte*, 513 F.3d at 208. Furthermore, Ochoa's self-serving, contradictory statements were insufficient to rebut the information in the PSR. *See United States v. Londono*, 285 F.3d 348, 355 (5th Cir. 2002); *United States v. Slaughter*, 238 F.3d 580, 585 (5th Cir. 2000).

Ochoa did not object to the district court's factual findings regarding his use of the picture or his lack of remorse. Accordingly, we review for plain error. *United States v. Krout*, 66 F.3d 1420, 1434 (5th Cir. 1995). In this circuit, "questions of fact capable of resolution by the district court upon proper objection at sentencing can never constitute plain error." *United States v. Claiborne*, 676 F.3d 434, 438 (5th Cir. 2012) (per curiam) (internal quotation marks, bracketing, and citation omitted). Accordingly, Ochoa cannot show plain error in connection with the foregoing factual findings. *See id.*

With respect to substantive reasonableness, Ochoa first argues that his sentence reflects an unwarranted disparity between him and his codefendants. *See* 18 U.S.C. § 3553(a)(6) (indicating that a district court must consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"). Ochoa is not similarly situated to his codefendants. Ochoa pleaded guilty to all four counts in the indictment without a plea agreement. Each of Ochoa's codefendants pleaded guilty to count two of the indictment pursuant to a written plea agreement. Furthermore, count two of the indictment carried with it a statutory maximum sentence of 60 months in prison. Ochoa has not shown that there is an unwarranted sentencing disparity between himself and any of his codefendants or between himself and any other similarly situated defendant. *See United States v. Candia*, 454 F.3d 468, 476 (5th Cir. 2006).

Finally, Ochoa argues that his sentence is substantively unreasonable based on the totality of the circumstances. *See Brantley*, 537 F.3d at 349. The record in this case reflects that the district court considered the advisory guidelines range, the policy statements, the parties' arguments, Ochoa's statements, and several of the § 3553(a) factors, including (1) Ochoa's history and characteristics; (2) the nature and circumstances of the offenses of conviction; (3) the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, and to protect the public. The district court thus made the individualized assessment required, *see Gall*, 552 U.S. at 50-51, concluding that a sentence above the advisory guidelines range was required for the conspiracy count. Although Ochoa complains that his criminal history was already taken into account by the Guidelines, the district court was not precluded from considering factors already incorporated into the guidelines calculation. *See Brantley*, 537 F.3d at 350.

As for the deviation in this case, although it was significant, this court has affirmed similar deviations. *See, e.g.*, *United States v. Key*, 599 F.3d 469, 475-76 (5th Cir. 2010) (affirming a 216-month sentence when the applicable guidelines range was 46 to 57 months); *Brantley*, 537 F.3d at 348-50 (affirming concurrent terms of 120 months and 180 months of imprisonment from a range of 41 to 51 months); *United States v. Smith*, 417 F.3d 483, 492 & n.40 (5th Cir. 2005) (affirming 120-month sentence from a guideline maximum of 41 months). Ochoa's arguments do not show that the district court failed to account for a factor that should have received significant weight, gave significant weight to an irrelevant or improper factor, or clearly erred in balancing the sentencing factors. *See United States v. Peltier*, 505 F.3d 389, 392 (5th Cir. 2007). Instead, the arguments constitute a mere disagreement with the district court's weighing of those factors. Given the significant deference that is due to a district court's consideration of the § 3553(a) factors and the district court's reasons for its

sentencing decision, Ochoa has not demonstrated that the sentence is substantively unreasonable. *See Gall*, 552 U.S. at 50-53; *Brantley*, 537 F.3d at 349.

AFFIRMED.