**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 11, 2013

No. 12-40003

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

JULIAN GONZALEZ,

Defendant–Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:11-CR-696-1

Before HIGGINBOTHAM, OWEN, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Julian Gonzalez appeals his sentence following his conviction for receiving child pornography in interstate commerce under 18 U.S.C. §§ 2252A(a)(2)(A), 2252A(b)(1), and 2256. The district court sentenced Gonzalez to 91 months of imprisonment and ordered lifetime supervised release, a special assessment of $100, and restitution of $926,560.09. Gonzalez contends that his 91-month term of imprisonment and lifetime supervised release were procedurally and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-40003

substantively unreasonable. He also challenges the district court's restitution order. We affirm.

## I

Gonzalez was contacted by the Alton, Texas Police Department in connection with an investigation into the improper filming of Gonzalez's nephew's 12-year-old daughter. Gonzalez consented to a search of his laptop computer, which uncovered numerous videos of child pornography that Gonzalez admitted downloading from the internet. Subsequent forensic examinations of Gonzalez's laptop and a desktop computer belonging to Gonzalez identified 138 videos of child pornography.

Pursuant to a plea agreement, Gonzalez pleaded guilty to one count of receiving child pornography in violation of 18 U.S.C. §§ 2252A(a)(2)(A), 2252A(b)(1), and 2256. The Presentence Investigation Report (PSR) prepared by the Probation Office calculated a total offense level of 31, starting from a base offense level of 22 with adjustments downward for Gonzalez's acceptance of responsibility and because Gonzalez's conduct was limited to receiving the material rather than trafficking or distributing it, and adjustments upward because Gonzalez had used a computer and had received 600 or more images, and because the material involved a minor under the age of 12 and contained depictions of sadistic or masochistic conduct.

Based on a total offense level of 31 and criminal history category of I, Gonzalez's advisory range of imprisonment under the United States Sentencing Guidelines was 108 to 135 months, for which the PSR recommended the low end of 108 months. The PSR also noted that if Gonzalez qualified for an additional one-level reduction for acceptance of responsibility, then the applicable Guidelines sentencing range would decrease to 97 to 121 months. The range for supervised release was determined to be five years to life; because Gonzalez was convicted of a sex offense, the PSR recommended the statutory maximum of

lifetime supervised release. The range of a potential fine was $15,000 to $150,000; however, the PSR recommended that no fine be imposed because Gonzalez lacked the means to pay. A mandatory special assessment of $100 was identified. Additionally, citing 18 U.S.C. § 3663A, the PSR recommended restitution in the amount of $941,927.79 to the victim identified in the "Vicky" series of pornographic videos that had been among those found on Gonzalez's computers. The amount was based on a letter received from counsel for Vicky requesting restitution under 18 U.S.C. § 2259 for Vicky's economic losses, including future counseling expenses, educational and vocational counseling needs, lost earnings, and litigation expenses and attorneys' fees, taking into account $282,769.25 in restitution payments already received from other defendants. Prior to sentencing, the amount of restitution requested was reduced to $926,560.09.

At sentencing, the district court adopted the factual findings of the PSR and granted the government's motion for an additional one-level reduction for acceptance of responsibility, resulting in a total offense level of 30 and Guidelines sentencing range of 97 to 121 months of imprisonment. After hearing from counsel for Gonzalez on the sentencing factors in 18 U.S.C. § 3553(a) and considering the materials submitted by Gonzalez, the district court concluded that a within-Guidelines sentence was appropriate. Taking into account the time Gonzalez had already served, the district court sentenced Gonzalez to 91 months of imprisonment. The district court also imposed a condition of lifetime supervised release, explaining that the Probation Office would assist Gonzalez in finding work, attending school, or anything else he needed to become a productive and law-abiding member of society.

Noting that it was required to order restitution, the district court conducted a lengthy colloquy on how to fashion a proper restitution order. It considered whether proximate causation of losses was required for restitution

No. 12-40003

and whether Gonzalez should be ordered to pay the full amount of restitution jointly and severally or whether a fractional amount could be ordered. Concluding that it was bound by Fifth Circuit precedent that proximate causation was not required, and that there was no basis for determining Gonzalez's portion of Vicky's losses, the district court ordered Gonzalez to pay $926,560.09 in restitution jointly and severally. A $100 special assessment was also imposed.

Gonzalez objected to the restitution order and to both the term of imprisonment and the lifetime supervised release as being greater than necessary for the purposes of § 3553(a). Gonzalez also explained that it was his position that the district court had failed to state its reasons for imposing the sentence. The district court responded that the objections were overruled for "the reasons . . . previously stated on the record." This appeal followed.

## II

Gonzalez contests both the procedural and substantive reasonableness of his sentence. In reviewing a sentence, "[we] must first ensure that the district court committed no significant procedural error."[1] If there is no procedural error or the error is harmless, we review the substantive reasonableness of the sentence for abuse of discretion.[2]

## A

Gonzalez asserts that the district court committed reversible procedural error by failing to explain his sentence adequately. We disagree.

A district court is required to "state in open court the reasons for its imposition of the particular sentence."[3] The sentencing judge must "set forth

---

[1] *Gall v. United States*, 552 U.S. 38, 51 (2007).

[2] *Id.*; *United States v. Delgado-Martinez*, 564 F.3d 750, 753 (5th Cir. 2009).

[3] 18 U.S.C. § 3553(c).

enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis" for his decision.[4] Thus, a "bare recitation of the Guideline's calculation" will not suffice when a party presents nonfrivolous reasons for imposing a different sentence.[5] However, if the record makes clear that the district court listened to and considered the arguments and evidence, it is an adequate explanation to state that the district court agrees that a sentence within the Guidelines range is appropriate under the circumstances.[6]

In the present case, there is ample evidence in the record that the district court read the PSR and other documents, heard Gonzalez's arguments on the 3553(a) factors, and concluded that a sentence within the Guidelines range was warranted. During the sentencing hearing, the district court explicitly stated that it had reviewed the PSR and identified various pertinent facts from it, including Gonzalez's lack of prior criminal history and the murder of his mother when Gonzalez was a child, both of which Gonzalez's attorney later referenced in arguing for a lower sentence based on the 3553(a) factors. The district court noted that it had received letters and statements from Gonzalez's family, as well as a "substantial number" of documents filed by the Government on aggravating factors. Gonzalez's attorney was invited to present arguments specifically on the 3553(a) factors; the district court listened to the arguments, engaged Gonzalez's counsel, and agreed to consider the requests. The district court also heard from Gonzalez directly. Before sentencing Gonzalez, the district court explained that

---

[4] *Rita v. United States*, 551 U.S. 338, 356 (2007).

[5] *United States v. Mondragon-Santiago*, 564 F.3d 357, 363-64 (5th Cir. 2009).

[6] *Rita*, 551 U.S. at 358-59; *see also United States v. Gomez-Herrera*, 523 F.3d 554, 565 (5th Cir. 2008) (holding that explanation that sentencing judge "was persuaded by the arguments at the hearing and in the sentencing memos that he should not depart downward from the Guidelines range" was sufficient); *United States v. Rodriguez*, 523 F.3d 519, 525-26 (5th Cir. 2008) (holding that district court's statement that it believed sentence would "adequately address the objectives of punishment and deterrence" was adequate explanation).

after carefully considering all of the materials before it and the 3553(a) factors, the sentencing goals of those factors would be satisfied by a sentence within the Guidelines range.[7]

On this record, we are satisfied that the district court considered the arguments of both Gonzalez and the Government and had a "reasoned basis" for its decision. Accordingly, we hold that the district court did not fail to explain Gonzalez's sentence adequately.

## B

Having concluded that no procedural error exists, we now consider whether Gonzalez's sentence was substantively unreasonable. When, as here, the sentence imposed by the district is within the Guidelines range, we "appl[y] a rebuttable presumption of reasonableness."[8] To rebut this presumption, Gonzalez must show that his sentence "does not account for a factor that should receive significant weight," "gives significant weight to an irrelevant or improper factor," or "represents a clear error of judgment in balancing sentencing factors."[9]

Gonzalez contends that his sentence was substantively unreasonable first because the district court relied too heavily on the Guidelines, and second because it failed to give proper consideration to the nature and circumstances of the offense and his history and characteristics. Gonzalez's first argument is essentially that with respect to child pornography offenses, because the Guidelines are not empirically based, they can lead to unreasonable sentences

---

[7] *Cf. Rita*, 551 U.S. at 359 ("We acknowledge that the judge might have said more. He might have added explicitly that he had heard and considered the evidence and argument . . . . Where a matter is as conceptually simple as in the case at hand and the record makes clear that the sentencing judge considered the evidence and arguments, we do not believe the law requires the judge to write more extensively.").

[8] *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

[9] *Id.*

that are inconsistent with what § 3553(a) requires and are not entitled to deference.  This argument is foreclosed by our decision in *United States v. Miller*.[10]

Like Gonzalez, the defendant in *Miller* contested the substantive reasonableness of his sentence based on the premise that "because the Sentencing Guidelines applicable to child pornography offenses are not based on empirical sentencing data, they are seriously flawed and can lead to unreasonable and disproportionate prison sentences."[11]  We rejected this argument and held that "[e]mpirically based or not, the Guidelines remain the Guidelines. . . . The advisory Guidelines sentencing range remains a factor for district courts to consider in arriving upon a sentence."[12] Accordingly, Gonzalez's argument also fails, and we hold that the district court did not err in relying on the Guidelines sentencing range as a factor.

Gonzalez's second claim—that the district court accorded no weight to the particular facts of his case, such as his lack of prior criminal history, his mother's murder, and his acceptance of responsibility and desire to seek help—appears to be largely a rephrasing of his contention that the district court gave too much weight to the Guidelines.  To the extent that it is a separate argument, his claim is clearly belied by the record.  The district court took note of Gonzalez's lack of prior criminal history and the murder of his mother, and explained that it had imposed lifetime supervised release with the hope that Gonzalez would become a productive and law-abiding citizen, with the Probation Office there to assist him in "finding a job or getting into educational programs

---

[10] 665 F.3d 114 (5th Cir. 2011).

[11] *Miller*, 665 F.3d at 119.

[12] *Id*. at 121.

No. 12-40003

or whatever else you might need."[13]  Gonzalez has not identified any factor that should receive significant weight for which his sentence does not account or shown that his sentence represents a clear error of judgment in balancing sentencing factors sufficient to rebut the presumption of reasonableness of his sentence.  Therefore, we conclude that Gonzalez's sentence of 91 months imprisonment and lifetime supervised release was not substantively unreasonable.

## III

Gonzalez also challenges the district court's restitution order.  He asserts two main arguments on appeal.  First, he contends that the district court erred in imposing joint and several liability under 18 U.S.C. § 3664(h) because that provision does not apply to Gonzalez's case.  Second, he argues remand is required because there was no proof that he proximately caused Vicky's losses and the district court's restitution order did not specify whether it relied on 18 U.S.C. § 3663A, which requires proof of proximate cause, or 18 U.S.C. § 2259, which does not require proximate causation except for non-enumerated "other losses."  Additionally, he asserts that even if the district court relied on § 2259, the district court erred in including "other losses" in the restitution order that the Government failed to prove were proximately caused by Gonzalez.  We consider each of Gonzalez's arguments in turn.

## A

With respect to the district court's imposition of joint and several liability, Gonzalez argues that § 3664(h) applies solely to proceedings with more than one defendant and assumes that the victim's loss is indivisible, neither of which apply in Gonzalez's case.  We reject this argument.

---

[13] *See* 18 U.S.C. § 3553(a) ("The court, in determining the particular sentence to be imposed, shall consider . . . (2) the need for the sentence imposed . . . (D) to provide the defendant with needed educational or vocational training . . . .").

No. 12-40003

In *In re Amy Unknown*[14]—a recent en banc decision of this court involving consolidated cases of individual defendants like Gonzalez who were ordered to pay restitution under § 2259 to a victim for whom restitution had been ordered in at least 174 other cases—we explained that "[t]he joint and several liability mechanism [of § 3664(h)] applies well in these circumstances, where victims . . . are harmed by defendants acting separately who have caused . . . a single harm."[15] We further stated that although the D.C. Circuit had expressed the belief that it was unclear whether joint and several liability may be imposed upon defendants in separate cases, "nothing in § 3664 forbids it, either expressly or through implication; the fact that it conforms well to this context supports its application."[16]

In regard to the application of joint and several liability under § 3664(h), nothing distinguishes Gonzalez's case from those of the defendants in *In re Amy Unknown*. We conclude that the district court did not err in imposing joint and several liability on Gonzalez.

**B**

Gonzalez maintains that remand is necessary because the district court did not specify whether its restitution order relied on § 3663A or § 2559, and that even if the court did rely on § 2259, the amount of restitution ordered impermissibly included "other losses." We conclude that the district court ordered restitution under § 2259 and that Gonzalez waived his argument regarding the inclusion of "other losses" in the restitution order by failing to raise it in his initial brief in this court.

---

[14] 701 F.3d 749 (5th Cir. 2012) (en banc), *cert. granted in part by Paroline v. United States*, 133 S. Ct. 2886 (2013).

[15] *In re Amy Unknown*, 701 F.3d at 752-54, 769; *see id*. at 769-771.

[16] *Id*. at 770.

No. 12-40003

The PSR prepared by the Probation Office listed § 3663A as the basis for its recommendation of restitution. Section 3663A provides for mandatory restitution to victims of certain specified offenses.[17] It defines "victim" as "a person directly and proximately harmed as a result of the commission of an offense for which restitution may be ordered."[18] The letter received by the district court from counsel for Vicky requested restitution based on § 2259. Section 2259 provides for mandatory restitution to victims of offenses relating to the abuse and sexual exploitation of children for the "full amount of the victim's losses."[19] The victim's losses include any costs incurred by the victim for

> (A) medical services relating to physical, psychiatric, or psychological care;
> (B) physical and occupational therapy or rehabilitation;
> (C) necessary transportation, temporary housing, and child care expenses;
> (D) lost income;
> (E) attorneys' fees, as well as other costs incurred; and
> (F) any other losses suffered by the victim as a proximate result of the offense.[20]

Pursuant to our recent en banc decision in *In re Amy Unknown*, only the final category of "other losses" requires a showing of proximate cause.[21]

At sentencing, the district court did not state which statute it relied upon in ordering restitution. However, the court did engage in a lengthy discussion with counsel about whether proof of proximate cause was required to order restitution. This debate would have been unnecessary had the district court

---

[17] 18 U.S.C. § 3663A(a)(1), (c).

[18] *Id.* § 3663A(a)(2).

[19] 18 U.S.C. § 2259(a), (b)(1).

[20] *Id.* § 2259(b)(3).

[21] *In re Amy Unknown*, 701 F.3d at 773.

10

been contemplating ordering restitution under § 3663A, which unquestionably requires proximate cause. Indeed, Gonzalez's opening brief concedes that the district court focused on § 2259. Based on the record before us, it is clear that the district court intended to and did order restitution under § 2259.

In supplemental briefing that we requested after the issuance of our decision in *In re Amy Unknown*, Gonzalez contends that even under § 2259, a showing of proximate cause is still required for "other losses" under subsection § 2259(b)(3)(F). He argues that the district court erred in ordering restitution for "other losses," which Gonzalez identifies as "educational . . . counseling needs," asserting that there was no showing of proximate cause. However, Gonzalez failed to raise this issue in his opening brief. He makes the argument regarding "other losses" and the specific category of "educational . . . counseling needs" for the first time on appeal in his supplemental brief.

It is a well-established rule that issues not raised in a party's opening brief are waived.[22] Nevertheless, we have previously considered issues raised for the first time in subsequent briefing when there has been an intervening court decision that provided an important clarification in the law and when our refusal to consider the issue would perpetuate incorrect law.[23] When there has been no clarification in the law with respect to the particular rule on which the party relies, we will not consider arguments raised for the first time in a supplemental brief.[24]

---

[22] *E.g.*, *Truong v. Bank of Am., N.A.*, 717 F.3d 377, 386 (5th Cir. 2013); *Tex. Democratic Party v. Benkiser*, 459 F.3d 582, 594 (5th Cir. 2006); *Tharling v. City of Port Lavaca*, 329 F.3d 422, 430 (5th Cir. 2003).

[23] *See DSC Commc'ns Corp. v. Next Level Commc'ns*, 107 F.3d 322, 326 n.2 (5th Cir. 1997).

[24] *See Am. Int'l Specialty Lines Ins. Co. v. Res-Care, Inc.*, 529 F.3d 649, 661 n.28 (5th Cir. 2008).

No. 12-40003

Our en banc decision in *In re Amy Unknown* provided an important clarification in the law in this circuit regarding whether proximate cause is required for enumerated damages under § 2259(b)(3)(A)-(E). However, Gonzalez's argument focuses not on the inclusion in the restitution order of any enumerated loss but on the inclusion of "other losses" under § 2259(b)(3)(F). *In re Amy Unknown* provided no clarification on this provision, which has unambiguously required proximate cause under the plain language of the statute since its enactment in 1994.[25] Because Gonzalez failed to raise arguments regarding "other losses" and specific categories of damages in his initial briefing, he has waived this issue on appeal. In any event, fact questions "capable of resolution by the district court upon proper objection at sentencing can never constitute plain error."[26] Gonzalez's argument that Vicky's costs for "educational . . . counseling needs" predated his criminal acts and therefore this category of costs could not be proximately caused by his crime is a factual issue. It cannot be the basis for plain error, and even were we to consider it, the record indicates that these were projected costs with no indication when or if Vicky had actually incurred these costs.

\*        \*        \*

AFFIRMED.

---

[25] *See* 18 U.S.C. § 2259(b)(3)(F); Antiterrorism and Effective Death Penalty Act of 1996, Pub L. No. 104-132 § 205, 110 Stat. 1214; Violent Crime Control and Law Enforcement Act of 1994, Pub. L. No. 103-322, § 40113, 108 Stat. 1796.

[26] *United States v. Claiborne*, 676 F.3d 434, 438 (5th Cir. 2012) (internal quotation marks omitted).