# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 12-40003

United States Court of Appeals
Fifth Circuit

**FILED**
August 6, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

JULIAN GONZALEZ,

Defendant–Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No: 7:11-CR-696-1

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before HIGGINBOTHAM, OWEN, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Julian Gonzalez appealed his sentence following his conviction for receiving child pornography in interstate commerce under 18 U.S.C. §§ 2252A(a)(2)(A), 2252A(b)(1), and 2256. In an earlier opinion, we affirmed the district court's judgment sentencing Gonzalez to 91 months of imprisonment and ordering lifetime supervised release, a special assessment

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-40003

of $100, and restitution of $926,560.09.[1]  In affirming the restitution order, we relied on this court's en banc decision in *In re Amy Unknown*,[2] which held that proof of proximate cause is required for restitution under 18 U.S.C. § 2259 only for "other losses" under § 2259(b)(3)(F), and that no showing of proximate cause is required for restitution for the costs enumerated in § 2259(b)(3)(A) through (E).[3]

In *Paroline v. United States*,[4] the Supreme Court vacated this court's judgment in *In re Amy Unknown* and held that "the proximate-cause requirement applies to all the losses described in § 2259."[5]  On July 28, 2014, the Supreme Court vacated our judgment in this case and remanded for further consideration in light of *Paroline*.[6]  We remand to the district court in order to ascertain the extent of the victim's losses under § 2259 in accordance with *Paroline*.

*       *       *

We REMAND the case to the district court for reconsideration in light of *Paroline*.

---

[1] *United States v. Gonzalez*, 540 F. App'x 465, 466 (5th Cir. 2013) (unpublished), *vacated by* 134 S. Ct. 2847.

[2] 701 F.3d 749 (5th Cir. 2012) (en banc), *vacated by Paroline v. United States*, 134 S. Ct. 1710 (2014) *and Wright v. United States*, 134 S. Ct. 1933 (2014).

[3] *Gonzalez*, 540 F. App'x at 471-72 (citing *In re Amy Unknown*, 701 F.3d at 773).

[4] 134 S. Ct. 1710 (2014).

[5] *Paroline*, 134 S. Ct. at 1722, 1730.

[6] *Gonzalez v. United States*, 134 S. Ct. 2847 (2014) (per curiam).