# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

No. 10-31111
Summary Calendar

February 5, 2013

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

KENNETH CLARK, also known as Old School, also known as Country,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:09-CR-279-4

Before HIGGINBOTHAM, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

A jury found Kenneth Clark guilty of conspiring to possess with intent to distribute five kilograms or more of cocaine, and he received a 265-month prison sentence. He appeals his conviction and sentence.

Clark contends that the district court improperly prohibited his attorney from cross-examining Government witnesses about the possibility that their testimony could result in reduction of their prison sentences. Thus, he argues,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

he was deprived of his ability to explore the witnesses' biases in violation of his Sixth Amendment right to confront witnesses against him.

During the cross-examination of one of the Government's witnesses, the district court cautioned defense counsel that if he posed questions specifically related to the witness providing "substantial assistance" to the Government, the court would provide a detailed explanation to the jury of the law related to substantial assistance. To the extent that the district court's comments limited counsel's ability to cross-examine Government witnesses, we review the limitation de novo to determine whether it violated the Sixth Amendment's Confrontation Clause. *United States v. Diaz*, 637 F.3d 592, 597 (5th Cir. 2011), *cert. denied*, 132 S. Ct. 270 (2011). Though the district court may impose reasonable limits on cross-examination based on, among other things, concern about confusion of the issues, the court must allow defense counsel to elicit facts from which the jury can draw inferences about the reliability of witnesses. *Id.* The district court here explicitly permitted counsel to explore the reliability of the Government's witnesses by emphasizing that counsel was permitted to ask questions related to a witness's plea agreement and could argue that the witness was a "cooperator" who was "trying to save his skin." Indeed, immediately after this discussion between counsel and the court, counsel asked the witness, without any intervention by the Government or the court, whether he was testifying in the hopes of securing a lower sentence, and the witness admitted that he did hope for a reduced sentence. Though counsel did not seek to elicit similar testimony from later witnesses, the district court did not prevent him from doing so. Accordingly, there was no Confrontation Clause violation.

Clark also argues that the evidence was insufficient to support his conviction. Specifically, he asserts that the evidence did not establish an agreement between him and any other coconspirator and proved only that he engaged in a series of buyer-seller transactions. Because Clark did not move for a judgment of acquittal, we will reverse only if the Government's evidence was

obviously insufficient. *See United States v. Delgado*, 672 F.3d 320, 331 (5th Cir. 2012) (en banc), *cert. denied*, 133 S. Ct. 525 (2012).

Testimony from various witnesses at trial established that one of Clark's codefendants regularly directed him to deliver one to five kilogram quantities of cocaine from Houston, Texas, to various cities in Louisiana and to deliver cash from Louisiana back to Houston. Clark was paid $1,000 per kilogram of cocaine that he transported. Government agents obtained photographic, video, and audio footage surrounding several of Clark's drug deliveries, which the Government entered into evidence. This evidence was not obviously insufficient for the jury to conclude that Clark entered into an agreement to violate drug laws by knowingly participating in a plan to distribute drugs. *See Delgado*, 672 F.3d at 331, 333; *see also United States v. Zamora*, 661 F.3d 200, 209 (5th Cir. 2011), *cert. denied*, 132 S. Ct. 1771 (2012) (explaining that to show that the defendant entered into an agreement sufficient to support a conspiracy conviction, the Government need only show a "tacit, mutual agreement with common purpose, design, and understanding" (internal quotation marks and citation omitted)). Indeed, the volume of drugs that Clark transported—often multiple kilograms at a time—supports an inference that he was a member of a drug conspiracy. *See Delgado*, 672 F.3d at 334. Moreover, transporting kilogram quantities of cocaine does not implicate the so-called buyer-seller exception, which "prevents a single buy-sell agreement . . . from automatically becoming a conspiracy to distribute drugs" and which "shields mere acquirers and street-level users . . . from the more severe penalties reserved for distributers." *Id.* at 333. Instead, it evinces that Clark participated with others in distributing large quantities of drugs.

Challenging his sentence, Clark further argues that the district court improperly held him accountable for crack cocaine rather than powder cocaine. According to Clark, there was no basis for finding that it was reasonably foreseeable to him that the powder cocaine he transported would be converted

into crack because, he contends, there was no evidence presented at trial that he had any knowledge about what his codefendants did with the cocaine after he delivered it.  In the district court, Clark did not object to these findings on the grounds that he now raises on appeal.  Accordingly, we review for plain error. *See United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008) (per curiam).

For sentencing purposes, a district court may convert a quantity of powder cocaine to a comparable quantity of crack if it was "reasonably foreseeable" to the defendant that the powder would ultimately be used to manufacture crack. *United States v. Burns*, 526 F.3d 852, 859 (5th Cir. 2008).  Whether the manufacture of crack was reasonably foreseeable is a question of fact.  *See id.* (explaining that a sentencing court's findings of fact are reviewed for clear error and concluding that the court's decision to convert powder cocaine into a comparable amount of crack cocaine for sentencing purposes was not clearly erroneous).  Because Clark failed to bring this issue to the district court's attention, he cannot succeed on appeal because "'[q]uestions of fact capable of resolution by the district court upon proper objection at sentencing can never constitute plain error.'" *United States v. Claiborne*, 676 F.3d 434, 438 (5th Cir. 2012) (per curiam) (quoting *United States v. Lopez*, 923 F.2d 47, 50 (5th Cir. 1991) (per curiam)).

Accordingly, the judgment of the district court is AFFIRMED.