# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

December 19, 2013

Lyle W. Cayce
Clerk

No. 12-41435
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

ELIZARDO VAZQUEZ ORTEGON, also known as Vampy TX,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:12-CR-361-2

Before KING, BARKSDALE, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Elizardo Vazquez Ortegon contests his jury-trial conviction of conspiracy to possess with intent to distribute more than five kilograms of cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(ii) (possession with intent to distribute) and § 846 (conspiracy). He challenges the sufficiency of the evidence and the district court's failure to give a requested jury instruction.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-41435

Because Vazquez moved for a judgment of acquittal at the close of the Government's case and did not present one, we review *de novo* the sufficiency of the evidence to support his conviction. *See United States v. Garcia-Gonzalez*, 714 F.3d 306, 313 (5th Cir. 2013) (citation omitted). The standard of review is "whether, after viewing the evidence in the light most favorable to the [Government], *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt". *United States v. Zamora*, 661 F.3d 200, 209 (5th Cir. 2011) (emphasis in original) (citation omitted).

The evidence shows, *inter alia*, that Vazquez communicated with true co-conspirators prior to, and on the date of, that controlled delivery and with a co-conspirator-turned-Government-informant on the date of that delivery. With Government Agents in the informant's presence, the true co-conspirators directed the informant by cell phone to contact Vazquez in order to deliver five packages of cocaine; and Vazquez contacted the informant by cell phone, asked him whether he had his "five spare parts", and arrived at the informant's tractor-trailer with a bag large enough to hold five packages of cocaine. Therefore, a rational trier of fact could have inferred that Vazquez had referred to the five packages of cocaine and intended to pick them up. Additionally, this "concert of action" among Vazquez, the true co-conspirators, and the informant, along with the significant quantity of cocaine being delivered, justifies the inference that Vazquez agreed to possess cocaine with intent to distribute it and was a voluntary participant in the conspiracy. *See id.* at 210; *see also United States v. Clark*, 511 F. App'x 312, 314 (5th Cir.) ("[T]ransporting kilogram quantities of cocaine . . . evinces . . . participat[ion] with others in distributing large quantities of drugs".), *cert. denied*, 133 S. Ct. 2815 (2013).

Evidence also shows that Vazquez fled from law enforcement on the scene and claimed falsely that he had never spoken to the informant. Although

No. 12-41435

Vazquez claimed he arrived at the tractor-trailer to deliver money for fuel, a rational trier of fact could have rejected this explanation as incredible and implausible. *See United States v. Villarreal*, 324 F.3d 319, 325 (5th Cir. 2003) ("Both inconsistent statements and implausible explanations have been recognized as evidence of guilty knowledge.") (citation omitted). In the light of the foregoing evidence, a rational juror could have inferred Vazquez agreed to possess cocaine with intent to distribute it and was a voluntary participant in the conspiracy. *See Zamora*, 661 F.3d at 209.

Vazquez' alternative claim about the sufficiency *vel non* of the evidence is that it only establishes he was in a buyer-seller relationship. Vazquez and another person were each supposed to pick up a significant quantity of cocaine from the tractor-trailer. This fact justifies the inference that Vazquez was participating with others to distribute the entire amount of cocaine in the tractor-trailer. *See United States v. Delgado*, 672 F.3d 320, 333-34 (5th Cir.), *cert. denied*, 133 S. Ct. 525 (2012). As discussed, the evidence of a concert of action also supports the inference of a conspiracy as opposed to a buyer-seller relationship.

Vazquez also claims the district court erred by refusing to give a jury instruction that he could not conspire with a Government informant. *Sears v. United States*, held:  in appropriate circumstances, the district court should instruct the jury both that an agreement with a Government agent cannot be the basis for a conspiracy conviction and that a defendant can only be convicted of conspiracy if he also knew others were involved in the illegal enterprise. 343 F.2d 139, 142 (5th Cir. 1965).

A preserved challenge about a jury instruction is reviewed for abuse of discretion. *United States v. Alaniz*, 726 F.3d 586, 611 (5th Cir. 2013). Along that line, Vazquez objected to the absence of a *Sears* instruction in the original

instructions.   After the jury began deliberating, and at the urging of the attorney for Vazquez, the court provided clarifying instructions that the informant was "detached as an active member of the conspiracy" and stated the question was: "[I]s this man [Vazquez] a participant with people who are still conspiring to commit the crime".  Vazquez did not object, however, to the supplemental instructions.

Accordingly, our review is only for plain error.  *Delgado*, 672 F.3d at 341-42 (adding "challenges to omitted jury instructions are reversible 'only in egregious instances'") (citation omitted).  For reversible plain error, Vazquez must show a clear or obvious forfeited error that affected his substantial rights.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009).  Even if he makes such a showing, we have the discretion to correct the error, but should do so only if it seriously affects the fairness, integrity, or public reputation of the proceedings.  *See id.*

Even assuming an error, it was neither clear nor obvious.  And, even assuming it was, the failure to give the *Sears* instruction did not seriously impair Vazquez' ability to effectively present a defense.  *See United States v. Hale*, 685 F.3d 522, 541 (5th Cir.), *cert. denied*, 133 S. Ct. 559 (2012).  The telephone calls between Vazquez and the true co-conspirators, both prior to and on the date of the controlled delivery, and the true co-conspirators' directions to the informant to contact Vazquez to deliver the cocaine, indicate a conspiracy among Vazquez and the true co-conspirators existed before, and independent of, the informant's cooperation with the Government.  *E.g.*, *Delgado*, 672 F.3d at 342; *cf. Sears*, 343 F.2d at 141-42.  Additionally, neither the Government nor Vazquez argued to the jury that Vazquez had only conspired with the informant.  *See Delgado*, 672 F.3d at 342-43.  Finally, the

court's supplemental instruction, to which Vazquez did not object, limited the conspiracy to active members still conspiring. *See id.*

AFFIRMED.