# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-51211
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 22, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GONZALO ARCE, JR.,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:13-CR-769-1

Before HIGGINBOTHAM, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Gonzalo Arce, Jr., pleaded guilty to possession with intent to distribute more than 100 kilograms of marijuana, and the district court imposed a sentence of 72 months of imprisonment, which was above the guidelines range of 60 to 63 months. Arce argues on appeal that his sentence is substantively unreasonable because it is largely based on speculation as to his history and characteristics. Specifically, he contends that the district court improperly

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-51211

considered his arrest record and improperly relied on his lack of employment verification when imposing the sentence. He also argues that the court incorrectly assumed that the circumstances surrounding the sale of his house to his parents were "[n]ot right" because his wife would not provide any information regarding any financial gain from the sale.

These arguments were not raised in the district court, and we generally review for plain error arguments that were not raised below. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). To show plain error, the appellant must show a forfeited error that is clear or obvious and that affects his substantial rights. *Id.* If the appellant makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.* To obtain relief, Arce must show that there is a reasonable probability that the district court would have imposed a lesser sentence if it had not considered his bare arrest records. *United States v. Johnson*, 648 F.3d 273, 278 (5th Cir. 2011).

Even if the district court erred in considering some of Arce's bare arrests,[1] *see United States v. Windless*, 719 F.3d 415, 420 (5th Cir. 2013), Arce has not shown that its consideration of the arrests in conjunction with other permissible factors affected his substantial rights or seriously affected the fairness and integrity of the judicial proceedings. *United States v. Williams*, 620 F.3d 483, 495 (5th Cir. 2010). A review of the sentencing transcript reflects that, in addition to any consideration of Arce's prior arrests, the district court considered that Arce had been terminated from his last job because he was unreliable and uncooperative, that he had a long history of drug abuse, and

---

[1] The presentence report (PSR) lists a number of Arce's arrests. Although some of these arrest records were bare because they provided only "the mere fact of an arrest," others were not and provided more detail regarding the circumstances leading to the arrest. *See United States v. Harris*, 702 F.3d 226, 229 (5th Cir. 2012).

that his criminal history was underrepresented due to two unscored convictions. The record shows that the district court gave significant weight to several valid 18 U.S.C. § 3553(a) factors and does not reflect that it gave undue weight to Arce's prior unexplained arrests. Arce has not demonstrated that the district court would have imposed a lesser sentence if it had not considered the record of his bare arrests and thus has failed to show a substantial impact on his rights. *See Williams,* 620 F.3d at 96.

Finally, Arce's arguments that the district court erred in relying on his unverified work history when imposing sentence and that the district court made the incorrect assumption at sentencing that the sale of his house to his parents was "[n]ot right" are foreclosed from review because underlying his arguments are the district court's factual determinations, *i.e.*, whether the court misconstrued his work history and whether the circumstances surrounding the sale of his house were suspicious. When an issue is factual and could have been resolved in the district court on proper objection, there can never be plain error. *United States v. Claiborne*, 676 F.3d 434, 438 (5th Cir. 2012) (per curiam); *United States v. Lopez,* 923 F.2d 47, 50 (5th Cir. 1991) (per curiam). Thus, the only arguable reviewable issue on appeal is the district court's possible error in referencing bare arrests, and because we find no plain error in that respect, his complaint of plain error in the reasonableness of the final sentence is unavailing.

AFFIRMED.