# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-50377
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 15, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RICARDO MORALES-VEGA,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:13-CR-717-1

Before REAVLEY, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Ricardo Morales-Vega appeals the sentence imposed following his guilty plea conviction for illegal reentry into the United States. For the first time on appeal, he argues that the district court committed a significant procedural error by relying on his bare arrest record when determining his sentence. He also contends that the sentence was greater than necessary to meet the goals of 18 U.S.C. § 3553(a) and is therefore substantively unreasonable. He asserts

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-50377

that the presumption of reasonableness should not apply because of the significant procedural error. He also maintains that the guideline provision double-counts his criminal history and overstates the seriousness of his offense, which is essentially an international trespass offense. He further contends that the sentence failed to reflect his personal history and characteristics and that his motive for returning to the United States mitigates the seriousness of his offense.

As Morales-Vega raises this challenge to the district court's consideration of the bare arrest record for the first time on appeal, this court's review is for plain error. *United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007). To satisfy plain error review, Morales-Vega must show that the error was clear or obvious and affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, this court has the discretion to correct the error if it seriously affected the fairness, integrity, or public reputation of judicial proceedings. *Id.*

The district court should not have relied on Morales-Vega's bare arrest record at sentencing. *See United States v. Windless*, 719 F.3d 415, 420 (5th Cir. 2013). However, even if the district court committed clear error by considering Morales-Vega's bare arrest record, Morales-Vega has not demonstrated that the district court's "consideration of the arrests in conjunction with other permissible factors affected his substantial rights or seriously affected the fairness and integrity of the judicial proceedings." *United States v. Arce*, No. 13-51211, 2014 WL 4674655, *1 (5th Cir. Sep. 22, 2014) (citing *United States v. Williams*, 620 F.3d 483, 495 (5th Cir. 2010)). He also has not shown that the alleged error affected the fairness, integrity, or public reputation of judicial proceedings. *See United States v. Avalos-Martinez*, 700 F.3d 148, 154 (5th Cir. 2012).

No. 14-50377

The 26-month sentence imposed for Morales-Vega's illegal reentry offense was within the advisory guideline range and is therefore entitled to the presumption of reasonableness. *See United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006). Even if he has rebutted that presumption, Morales-Vega has not demonstrated that the imposed sentence was substantively unreasonable under the standard set forth in *Gall v. United States*, 552 U.S. 38, 51-52 (2007). We have also rejected his arguments that double-counting of prior convictions necessarily renders a sentence unreasonable and that the Guidelines overstate the seriousness of illegal reentry because it is a nonviolent international trespass offense. *See United States v. Duarte*, 569 F.3d 528, 529-30 (5th Cir. 2009); *United States v. Aguirre-Villa,* 460 F.3d 681, 683 (5th Cir. 2006).

AFFIRMED.