PER CURIAM:
This case deals with the district court’s application of the obstruction of justice enhancement and non-application of the minor role reduction to Defendant-Appellant Troy Claiborne’s sentence for aiding and abetting the possession with intent to distribute crack cocaine. We AFFIRM.
I. FACTUAL AND PROCEDURAL BACKGROUND
On July 22, 2010, an Odessa Police Department narcotics detective received information from a confidential informant (“Cl”) that a black male, known as “Twin,” would be selling two ounces of crack to the Cl in the H.E.B. parking lot in Odessa, Texas that night. According to the Cl, Twin would be driving a white Impala with California licenses plates. Based on this tip, detectives set up surveillance in the parking lot and observed a white Impala matching the Cl’s description enter and park in the lot. Two black men exited the car and “were looking around suspiciously as if they were looking for someone.” Detectives approached the men, who identified themselves as Troy Claiborne and Lévale Weldon. As they were all walking back to the car, a detective noticed a plastic bag underneath the car on the driver’s side just in front of the driver’s-side rear tire. The bag contained eight individually-wrapped packages of crack. Weldon, who owned the Impala, consented to a search of it, and detectives found white residue, which tested positive for cocaine, on the floorboards of both the driver’s and the passenger’s side.
Also during the search, three cell phones were recovered—a Samsung, a Blackberry, and a Motorola. Weldon claimed the Samsung phone was his, and Claiborne claimed the Motorola. Claiborne initially denied that the Blackberry was his, but he later claimed the phone. The Blackberry contained text messages that a detective believed involved drug transactions. Detectives discovered that the Cl had called the Motorola phone when setting up the purchase. At the time of their arrest, Weldon had $580 on him, and Claiborne had $1,232. Claiborne claimed that he was unemployed but that he made money gambling and playing pool. Detectives showed the Cl photographs of Weldon and Claiborne, and the Cl identified Weldon as “Twin.” The Cl did not, however, recognize Claiborne.
After the arrests, Claiborne and Weldon were placed in a police car. While seated in the backseat, Weldon unbuckled both of their seatbelts. Weldon then started in on a conversation with Claiborne about escaping, asking “Is your window all the way down like mine?”; “Did he already seat belt you?”; and “Can you open it up from your door? ... [‘C]uz its gonna take him longer to get to your side.” Claiborne’s only response to these questions was when Weldon asked, “You hear me?,” Claiborne replied, “Um-hmm.” Weldon went on to explain, “He’s [the detective] gonna try to shut that door ... pursuing a chase on you ... cuz one of us is gonna get away ... I just can’t live no more .... ”
After pleading guilty without a plea agreement to aiding and abetting the possession with intent to distribute five grams or more of crack, see 21 U.S.C. §§ 841(a)(1) and 841(b)(l)(B)(iii) and 18 U.S.C. § 2, a Presentence Investigation Report (“PSR”) was prepared for Claiborne. The probation officer found that Claiborne had attempted to escape from the police car and recommended enhancing the offense level for obstructing justice. She calculated a total offense level of 27— *437 base level of 28, see U.S. Sentencing Guidelines Manual §§ 2Dl.l(c)(6) and (a)(5) (2010), a two-level increase for obstruction of justice, see id. at § 3C1.1, and a three-level decrease for acceptance of responsibility, see id. at § 3E1.1. When combined with a criminal history category of I, Claiborne’s Guidelines range sentence was 70 to 87 months imprisonment. See id. at ch. 5, pt. A.
Claiborne filed objections to the PSR, arguing, inter alia, that he should have received a downward adjustment to his offense level, pursuant to § 3B1.2, because he was a minor participant. The district court determined that Claiborne had not met his burden of establishing that he was substantially less culpable than Weldon. The district court imposed a 78-month prison sentence, in the middle of the Guidelines range, stating, “I’m not departing from the recommended sentence.” Claiborne timely appealed.
II. STANDARD OF REVIEW
Issues related to a defendant’s sentence are reviewed for reasonableness. United States v. Cisneros-Gutierrez, 517 F.3d 751, 764 (5th Cir.2008). This reasonableness determination takes the form of abuse of discretion review. Id. There is a two-step process for this review: “first[,] ensure that the district court committed no significant procedural error”; and second, “considerf ] the substantive reasonableness of the sentence imposed.” Id. (internal quotation marks omitted). In going through this two-step process, “a district court’s interpretation or application of the Sentencing Guidelines is reviewed de novo, and its factual findings are reviewed for clear error.” Id. (internal quotation marks omitted). “A factual finding is not clearly erroneous if it is plausible in light of the record read as a whole.” United States v. Villanueva, 408 F.3d 193, 203 (5th Cir.2005).
III. DISCUSSION

A. Non-Application of the Minor Role Reduction

A district court may decrease a defendant’s offense level by two levels if it finds that the defendant was a minor participant in the offense. U.S.S.G. § 3B1.2(b). The minor role reduction applies to a defendant “who is less culpable than most other participants, but whose role could not be described as minimal.” Id. at § 3B1.2, cmt. n.5. This reduction applies only “when a defendant is substantially less culpable than the average participant.” Villanueva, 408 F.3d at 204 (citation and internal quotation marks omitted). “It is not enough that a defendant does less than other participants; in order to qualify as a minor participant, a defendant must have been peripheral to the advancement of the illicit activity.” Id. (internal quotation marks). “A defendant has the burden of showing that he is entitled to the downward adjustment.” United States v. Garcia, 242 F.3d 593, 597 (5th Cir.2001).
Claiborne argues that he acted as a minor participant because (1) the Cl implicated only Weldon, (2) Weldon was driving the Impala on the day of their arrest and the ear belonged to him, and (3) the cocaine was found near the driver’s rear tire, leading to the conclusion that Weldon—not Claiborne—possessed the drugs prior to putting them under the tire. The facts show that Claiborne admitted that he possessed the drugs with the intent to distribute them “along.with Mr. Weldon.” Both Claiborne and Weldon, upon arriving at the H.E.B. parking lot, exited the Impala and looked around “suspiciously as if they were looking for someone.” These actions lead to the conclusion that Claiborne was *438 involved in the sale to the Cl and not a mere bystander or passenger. Additionally, detectives found cocaine residue on both the driver’s and the passenger’s floorboards. Claiborne’s Blackberry contained text messages that a detective believed involved drug transactions, and at the time of his arrest, Claiborne had $1,232 in cash—despite his claim that he was unemployed. Finally, the Cl called the Motorola cell phone, which Claiborne claimed was his, to arrange the crack purchase. Although Claiborne might have been less culpable than Weldon, based on the foregoing facts, Claiborne’s participation was not peripheral to the advancement of the illicit activity. See Villanueva, 408 F.3d at 204. Because Claiborne was not substantially less culpable than the average participant, the district court did not clearly err when it denied him the minor role reduction under § 3B1.2(b). See id.

B. Application of the Obstruction of Justice Enhancement

A defendant is subject to a two-level increase in his offense level if he “willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice.” U.S.S.G. § 3C1.1. This adjustment is warranted where a defendant escaped or attempted to escape from custody. Id. at § 3C1.1, cmt. n.4(E). Claiborne argues that the PSR demonstrates that Weldon, not Claiborne, attempted to escape. He notes that Weldon unbuckled their seatbelts and that Claiborne did not assist, speak to, or communicate with Weldon, except when Claiborne replied that he had heard Weldon’s plan to escape.
Claiborne, however, failed to object to the application of the two-level enhancement for obstruction of justice at the district court. This failure to object below forecloses our review because “[a] district court’s determination that a defendant has obstructed justice is a factual finding,” United States v. Cisneros, 112 F.3d 1272, 1279 (5th Cir.1997), and “[questions of fact capable of resolution by the district court upon proper objection at sentencing can never constitute plain error,” United States v. Lopez, 923 F.2d 47, 50 (5th Cir. 1991) (per curiam) (citing United States v. Mourning, 914 F.2d 699, 703 (5th Cir.1990)).
IV. CONCLUSION
For the foregoing reasons, we AFFIRM Claiborne’s sentence.