# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 10, 2013

Lyle W. Cayce
Clerk

No. 12-10203
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GREGORY GRAY,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:11-CR-22-1

Before WIENER, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:*

Gregory Gray pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). On appeal, he challenges the district court's imposition of a four level sentencing enhancement for possession of a firearm in connection with another felony offense. *See* U.S.S.G. § 2K2.1(b)(6)(B). The district court found that Gray had possessed the firearm in connection with the offense of bank fraud. *See* 18 U.S.C. § 1344(2). In particular, the district court found that Gray had used an unloaded handgun to pretend to rob his accomplice,

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

who was a bank manager, at an automatic teller machine (ATM); the district court also found that, as a bank manager, Gray's accomplice knew that the bank had a policy requiring it to automatically reimburse robbery victims for any loss.

Section 1344(2) requires the Government to show that the defendant knowingly executed, or attempted to execute, a scheme or artifice to obtain any of the moneys, funds, or other property owned by, or under the custody or control of, a financial institution, by means of false or fraudulent pretenses, representations, or promises. The Government must establish the existence of the other felony offense by a preponderance of the evidence. *United States v. Anderson*, 559 F.3d 348, 357 (5th Cir. 2009). We review the district court's interpretation or application of the Guidelines de novo, and its factual findings are reviewed for clear error. *United States v. Coleman*, 609 F.3d 699, 708 (5th Cir. 2010).

Gray argues that the Government failed to show that he and his accomplice made any misrepresentation to the bank, failed to prove the existence of the reimbursement policy, failed to show that he and his accomplice knew of the reimbursement policy or intended to exploit it, and failed to show that they put the bank at risk of a loss. We conclude that, by staging the robbery in view of the bank's surveillance camera and reporting it to the police, Gray and his accomplice misrepresented the existence of a robbery to the bank. In addition, the Government presented sufficient testimony at the sentencing hearing to establish the existence of the reimbursement policy and to allow the district court to make "common-sense inferences" that, as a bank manager, Gray's accomplice was aware of this policy. *See United States v. Caldwell,* 448 F.3d 287, 292 (5th Cir. 2006). We also conclude that the district court did not clearly err by finding that the fraudulent intent of Gray and his accomplice could be inferred from their conduct. Finally, because the bank's obligation to reimburse robbery victims was not dependent on their filing of a claim, the district court

did not clearly err in finding that Gray and his accomplice put the bank at a risk of a loss, even though the accomplice never made a claim for reimbursement.

Next, Gray asserts that the § 2K2.1(b)(6) enhancement should not apply where it is unclear that the firearm was used in connection with the other offense or that the firearm made the other offense more dangerous. He argues that his possession of the handgun was unnecessary to the bank fraud offense and that the circumstances of the fake robbery, particularly the fact that the handgun was unloaded, indicate that his use of a firearm did not make the bank fraud offense more dangerous. Gray acknowledges that plain error review would apply because he did not raise this claim below. The relationship between a firearm and another offense is a factual question; because these questions could have been resolved by the district court upon a proper objection, they cannot constitute plain error. *See Coleman,* 609 F.3d at 708; *United States v. Claiborne,* 676 F.3d 434, 438 (5th Cir. 2012).

AFFIRMED.