# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 16, 2013

No. 12-40776
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BALDOMERO VEGA, also known as El Viejo,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:11-CR-1667-15

Before HIGGINBOTHAM, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Baldomero Vega pled guilty of conspiracy to possess with intent to distribute more than 50 kilograms of marijuana, and he was sentenced at the bottom of the Guidelines range to a 135-month term of imprisonment and to a 6-year period of supervised release. In this appeal, Vega contends the district court erred in failing to reduce his offense level by two levels for acceptance of responsibility.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-40776

Because error was not adequately preserved, our review is for plain error. *See United States v. Claiborne*, 676 F.3d 434, 438 (5th Cir. 2012). "Whether a defendant has sufficiently demonstrated an acceptance of responsibility is a question of fact." *United States v. Medina-Anicacio*, 325 F.3d 638, 647 (5th Cir. 2003). "[Q]uestions of fact capable of resolution by the district court upon proper objection at sentencing can never constitute plain error." *Claiborne*, 676 F.3d at 438. Even if the argument is not reviewed for plain error, Vega cannot show that the district court's refusal to award the adjustment was without foundation because Vega contested the drug quantity attributable to him as relevant conduct. *See* U.S.S.G. § 3E1.1 cmt. n.1(A); *United States v. Juarez-Duarte*, 513 F.3d 204, 211 (5th Cir. 2008); *see also United States v. Betancourt*, 422 F.3d 240, 246-47 (5th Cir. 2005); *United States v. Carreon*, 11 F.3d 1225, 1230 (5th Cir. 1994). The judgment is AFFIRMED.