# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 31, 2013

No. 12-51094
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff – Appellee

v.

ANDREA KAY THOMPSON,

Defendant – Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 6:12-CR-114-1

Before SMITH, PRADO, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Andrea Kay Thompson pleaded guilty to one count of unlawfully transporting, transmitting, or transferring in interstate commerce stolen goods with a value of $5,000 or more, in violation of 18 U.S.C. § 2314. She was sentenced within the guidelines to 30 months of imprisonment and a three-year term of supervised release.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

For the first time on appeal, Thompson challenges her sentence, arguing that the district court plainly erred in calculating the guidelines range by applying a 14-level increase pursuant to U.S.S.G. § 2B1.1(b)(1)(H), which she contends resulted in an unreasonable sentence.

We review sentences for reasonableness under an abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 46-50 (2007). This reasonableness review involves two steps. *Id.* at 51. First, we determine whether the district court committed any significant procedural error, such as improperly calculating the guideline range. *Id.* If there is no procedural error or the error is harmless, we review the substantive reasonableness of the sentence. *Id.*; *United States v. Delgado-Martinez*, 564 F.3d 750, 752-53 (5th Cir. 2009).

The district court's calculation of the amount of loss under § 2B1.1 is a factual finding that is reviewed for clear error. *See United States v. Scher*, 601 F.3d 408, 412 (5th Cir. 2010); *United States v. Crawley*, 533 F.3d 349, 356 (5th Cir. 2008). However, because Thompson raised no objection to her sentence in the district court, our review is for plain error. *See United States v. Mondragon-Santiago,* 564 F.3d 357, 361 (5th Cir. 2009). To show plain error, Thompson must show a forfeited error that is clear or obvious and that affects her substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If she makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.* We have held that "[q]uestions of fact capable of resolution by the district court upon proper objection at sentencing can never constitute plain error." *United States v. Lopez*, 923 F.2d 47, 50 (5th Cir. 1991); *see also United States v. Claiborne*, 676 F.3d 434, 438 (5th Cir. 2012).

In this case, the presentence report (PSR) noted the evidence relied upon in making the loss determination, and the district court was "in a unique

position to assess the evidence and estimate the loss based upon that evidence" and was required only to "make a reasonable estimate of the loss." § 2B1.1, comment. (n.3(C)). Further, because the unobjected-to PSR had "some indicia of reliability," the district court was entitled to rely on it. *Scher*, 601 F.3d at 413. Thompson has, thus, failed to show that the district court's loss determination and application of the 14-level increase constituted plain error. She also has failed to rebut the presumption of reasonableness given to her properly calculated, within-guidelines sentence. *See United States v. Rashad*, 687 F.3d 637, 644 (5th Cir. 2012).

The judgment of the district court is AFFIRMED.