# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-31074
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 7, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

CHAVO T. THOMAS; MAURICE T. SMITH, also known as Maurice Smith,

Defendants - Appellants

Appeals from the United States District Court
for the Western District of Louisiana
USDC No. 1:12-CR-88

Before SMITH, BARKSDALE, and PRADO, Circuit Judges.

PER CURIAM:[*]

Chavo T. Thomas and Maurice T. Smith were found guilty of conspiring to possess, with intent to distribute, 50 grams or more of methamphetamine and 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(b)(1)(A) & 846. The district court sentenced Thomas to 275 months' imprisonment, with 24 months to run concurrent with any state sentence he was ordered to serve and

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

the remaining 251 months to run consecutive to it.  The district court sentenced Smith to life in prison.  Thomas challenges his within-Sentencing Guidelines sentence; Smith, the admission of testimony of his prior "bad acts".

Although post-*Booker*, the Guidelines are advisory only, and a properly preserved objection to an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the advisory Guidelines-sentencing range for use in deciding on the sentence to impose. *Gall v. United States*, 552 U.S. 38, 51 (2007).  In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error.  *E.g., United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

In district court, Thomas objected to the finding that he was not a minor participant and to the concomitant denial of a reduction under Guideline § 3B1.2 (decrease offense level for minimal or minor participation).  When a defendant objects to the denial of a Guideline § 3B1.2 role-in-the-offense reduction, review is for clear error.  *E.g.*, *United States v. Alaniz*, 726 F.3d 586, 626 (5th Cir. 2013) (citation omitted); *see also United States v. Villanueva*, 408 F.3d 193, 203 (5th Cir. 2005) (citation omitted).

Thomas insists he is not challenging the factual finding underlying the determination that he was not a minor participant; nevertheless, he asserts he was less culpable than the principals in the conspiracy, the average participant, and his coconspirator Marvin Thompson.  "The defendant bears the burden of proving, by a preponderance of the evidence, [his] minor role in the offense".  *Alaniz*, 726 F.3d at 626 (citation and internal quotation marks omitted).  Thomas merely asserted in district court he was a minor or minimal participant.  The entire conspiracy consisted of Thomas' and others' traveling to California to purchase methamphetamine they would transport to Ferriday,

Louisiana, to resell.    Thomas' role was to transport half of that methamphetamine.  That role was critical to the success of the conspiracy and was not "peripheral".  *E.g., United States v. Martinez*, 517 F.3d 258, 272 (5th Cir. 2008).    Thus, the finding that Thomas was not a minor participant, resulting in the refusal to apply a reduction for Thomas' role in the offense, is not clearly erroneous.  *See Alaniz*, 726 F.3d at 626; *Martinez*, 517 F.3d at 272-73 (citation omitted); U.S.S.G. § 3B1.2.

Thomas claims the district court erred by denying the reduction based solely on its finding he was a drug mule.  Because he did not raise this issue in district court, review is only for plain error.  *E.g., United States v. Claiborne*, 676 F.3d 434, 438 (5th Cir. 2012).  Thomas must show a forfeited plain (clear or obvious) error that affected his substantial rights.  *Puckett v. United States*, 556 U.S. 129, 135 (2009).  If he does so, we have the discretion to correct the error, but should do so only if it seriously affects the fairness, integrity, or public reputation of the proceedings.  *Id.*

Even if Thomas had pointed to any authority stating that it is error for a district court to deny a minor role reduction solely because the defendant is a drug mule, the court did not deny the reduction for that reason.  Thomas has not shown the requisite clear or obvious error.  *See Puckett*, 556 U.S. at 135.

Thomas also claims, for the first time on appeal, that the court erred by denying the reduction without assessing his relative culpability.  To the extent this is a legal question, Thomas has not shown clear or obvious error.  He points to no authority demonstrating that, upon a defendant's bare assertion that he is a minor or minimal participant, the district court must conduct its own comparative analysis of the relative roles of the participants.  Because the defendant bears the burden of proving his minor role, Thomas must make that comparison.  *Alaniz*, 726 F.3d at 626.  The district court considered the parties'

arguments and the findings in the presentence investigation report, which it adopted.  By denying a reduction for Thomas' role in the offense, the district court found Thomas was not "substantially less culpable than the average participant".  U.S.S.G. § 3B1.2.

Smith contends the district court reversibly erred by allowing the Government to elicit from its witnesses irrelevant and prejudicial extrinsic, bad-acts, character evidence.  For the following reasons, his claim fails.

He has not briefed any argument challenging the admission of testimony by one witness, Quinn.  Smith also did not object, on this basis, to testimony by another witness, his coconspirator Thompson, and he has inadequately briefed his challenging the admission of that testimony.

The few record citations he provides are not of Thompson's testimony on direct examination by the Government.  Without citation of relevant legal authority and without argument, Smith makes conclusional assertions that Thompson's testimony was "character" evidence.  He characterizes all of Thompson's testimony as "extrinsic" evidence without asserting why it should not be considered intrinsic evidence, especially in the light of Thompson's participation in the conspiracy.  Finally, although he cites *United States v. Beechum*, 582 F.2d 898 (5th Cir. 1978) (en banc), Smith fails to provide any analysis or application of the facts to its two-part test for assessing the admissibility of evidence.

AFFIRMED.

4