# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-50965
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
January 6, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SANDRO FERNANDEZ-VACA,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:13-CR-38-1

Before DeMOSS, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Sandro Fernandez-Vaca (Fernandez) was charged with possession with intent to distribute 500 grams or more of a mixture or substance containing methamphetamine. Following the partial denial of his motion to suppress, Fernandez proceeded to a bench trial on stipulated facts. The district court found Fernandez guilty as charged and sentenced him to 63 months in prison and two years of supervised release.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-50965

Fernandez argues that the court's finding that he consented to the initial search of his car for his driver's license is clearly erroneous. In the alternative, he argues for the first time on appeal that if he did consent, his consent was not voluntary.

The court's finding of consent was based on the Border Patrol agent's testimony and is not clearly erroneous, as it is plausible in light of the record as a whole. *See United States v. Gomez*, 623 F.3d 265, 268 (5th Cir. 2010). To the extent there were inconsistencies or conflicts with the agent's testimony, "[t]he district court was able to observe the demeanor of the witness at the suppression hearing . . . and thus was in a unique position to gauge credibility." *United States v. Valentine*, 401 F.3d 609, 614 (5th Cir. 2005) (affirming the denial of a motion for acquittal despite an officer's inconsistent testimony at the suppression hearing and at trial); *see also United States v. Stevens*, 487 F.3d 232, 240 (5th Cir. 2007). As in *United States v. Watson*, 273 F.3d 599, 604 (5th Cir. 2001), to the extent the district court conflated the question of the existence of consent with the question of the voluntariness of that consent, that conflation does not call into doubt the district court's finding that Fernandez did, in fact, consent.

Despite opportunities, Fernandez did not argue at any time in the district court that, if given, his consent was not voluntary. "[F]ailure to raise *specific issues or arguments* in pre-trial suppression proceedings operates as a waiver of those issues or arguments for appeal." *United States v. Scroggins*, 599 F.3d 433, 448 (5th Cir. 2010) (internal quotation marks and citation omitted). "Nonetheless, our cases identifying such waiver have often proceeded to evaluate the issues under a plain error standard for good measure." *Scroggins*, 599 F.3d at 448.

No. 13-50965

The district court's determination of the voluntariness of consent is a question of fact. *United States v. Dilley*, 480 F.3d 747, 749 (5th Cir. 2007). This court has long held that "'questions of fact capable of resolution by the district court upon proper objection . . . can never constitute plain error.'" *United States v. Claiborne*, 676 F.3d 434, 438 (5th Cir. 2012) (quoting *United States v. Lopez*, 923 F.2d 47, 50 (5th Cir. 1991)); *see United States v. Huesca*, 199 F.3d 440, 1999 WL 1068212, 1 (5th Cir. 1999) (unpublished) (regarding voluntariness of consent). Thus, review of Fernandez's argument that the district court erred in finding that his consent was voluntary is foreclosed because it was waived and because it is not subject to plain error review. *See Scroggins*, 599 F.3d at 448; *Claiborne*, 676 F.3d at 438. Even if we reviewed the question, under the totality of the circumstances, the district court did not reversibly err in finding that the consent was given voluntarily.

AFFIRMED.

3