# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-11121
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 10, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE DAVID CORTEZ-GUZMAN,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:14-CR-20-1

Before KING, JOLLY, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Jose David Cortez-Guzman (Cortez) pleaded guilty to a charge of illegal reentry following deportation. The district court imposed an upward variance of 18 months. Cortez challenges his sentence as substantively unreasonable, arguing that the district court, in determining his sentence, considered his bare arrest record and stated that his illegal reentry conviction stemmed from a Texas conviction for unlawfully carrying a weapon. Cortez also challenges

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-11121

the imposition of special conditions of supervised release: one condition requires that he abstain from using alcohol and other intoxicants during the term of supervision; the other condition requires him to participate in substance abuse treatment.

Because these specific arguments were not raised in the district court, our review is for plain error only. *Puckett v. United States*, 556 U.S. 129, 135 (2009); *United States v. Warren*, 720 F.3d 321, 332 (5th Cir. 2013). To show plain error, the appellant must show a forfeited error that is clear or obvious and that affects his substantial rights. *Id.* If the appellant makes such a showing, we have the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

A district court may not rely on a bare arrest record that refers only to the fact of an arrest and does not include information concerning the facts and circumstances of the conduct resulting in the defendant's arrest. *United States v. Windless*, 719 F.3d 415, 420 (5th Cir. 2013). In the absence of facts that have a "sufficient indicia of reliability," the district court cannot consider the information at sentencing whether or not the defendant objects or introduces rebuttal evidence. *Id.* (citation omitted).

Cortez has not established plain error regarding his claim that the district court relied on his "bare arrest record" when imposing sentence. The record shows that Cortez was arrested 22 times by immigration officials, and four of the arrests resulted in deportations. The district court explained that the sentence was based on Cortez's history and characteristics and, in particular, the fact that he had been apprehended 22 times by immigration officials. Because four of the arrests resulted in deportation, those arrests were supported by sufficient evidence and constituted reliable grounds for the

2

No. 14-11121

above-guidelines sentence. *See United States v. Lopez-Velasquez,* 526 F.3d 804, 807 (5th Cir. 2008).

In addition, Cortez has not shown that the district court's consideration of the arrests in conjunction with other permissible factors affected his substantial rights or seriously affected the fairness and integrity of the judicial proceedings. *United States v. Williams*, 620 F.3d 483, 495 (5th Cir. 2010). The district court gave significant weight to the factor of deterrence in light of the record evidence that Cortez's prior sentence for illegal reentry had not deterred him from reentering the United States. Further, Cortez's 2012 deportations, within months of each other, support the district court's finding that he had no respect for the law. In determining Cortez's sentence, the district court identified valid § 3553(a) factors and did not give undue weight to Cortez's prior arrests.

Next, Cortez asserts that the district court erred by stating that his illegal reentry conviction stemmed from a state weapon conviction rather than a state drug conviction. Cortez fails to show that this error justifies relief. *United States v. Claiborne*, 676 F.3d 434, 438 (5th Cir. 2012).

Regarding his challenges to the special conditions of supervised release, Cortez cannot show error, plain or otherwise. Cortez has a record of illegal substance abuse, as shown by his conviction for possession of cocaine. Thus, the district court did not err by ordering him to abstain from using alcohol during his term of supervised release. *See United States v. Ferguson*, 369 F.3d 847, 853 (5th Cir. 2004). Cortez has failed to brief adequately and therefore has abandoned his claim that the district court erred by imposing substance abuse treatment as a special condition of supervised release. *See United States v. Charles*, 469 F.3d 402, 408 (5th Cir. 2006); *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

No. 14-11121

AFFIRMED.