# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-51172
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 13, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ALVARO ARREOLA-ESCALANTE,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:12-CR-1647-1

Before JONES, BENAVIDES and GRAVES, Circuit Judges.

PER CURIAM:[*]

Alvaro Arreola-Escalante appeals the 92-month sentence imposed for his conviction for conspiracy to possess with intent to distribute more than 100 kilograms of marijuana and possession with intent to distribute more than 100 kilograms of marijuana. He contends that the district court erred in refusing to grant him safety-valve relief under U.S.S.G. § 5C1.2 and 18 U.S.C. § 3553(f).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-51172

Arreola-Escalante argues that he satisfied the criteria to receive the reduction and, specifically, truthfully provided all required information and evidence.

A defendant may receive a two-level reduction in his offense level if he, inter alia, truthfully provides to the Government all information and evidence that he has about the offense of conviction or offenses that were part of the same course of conduct or a common scheme or plan. U.S.S.G. § 2D1.1(b)(16) (2013); § 5C1.2(a)(5); § 3553(f)(5). The refusal of the district court to apply safety-valve relief based on a finding that a defendant has not truthfully provided all relevant information is a factual finding that typically is reviewed for clear error. *See United States v. McElwee*, 646 F.3d 328, 345 (5th Cir. 2011). However, because Arreola-Escalante did not object in the district court to the denial of safety-valve relief, our review is for plain error only. *See Puckett v. United States*, 556 U.S. 129, 135 (2009); FED. R. CRIM. P. 52(b). We need not determine whether the instant issue involves a question of fact that may never constitute plain error, *see United States v. Claiborne*, 676 F.3d 434, 438 (5th Cir. 2012), because Arreola-Escalante's claim is otherwise without merit.

The record supports that Arreola-Escalante was previously involved in a conspiracy to transport marijuana that included the same participants as the instant offense and that he was connected to a drug trafficking organization. However, he did not disclose any information about his involvement in the prior conspiracy or the drug trafficking organization. Further, he does not now assert unequivocally that he was entirely truthful or identify evidence that he could present to show that he was totally forthcoming in his disclosures; he instead sets forth reasons for why he did not, or was unable to, provide all of the information that he possessed. His alleged excuses – i.e., the Government already knew about the drug trafficking organization, he provided statements in which he admitted his role in the instant offense, and he has mental and

No. 14-51172

physical limitations that affect his memory – do not justify his refusal to reveal all information about other events that were part of the same course of conduct or a common scheme or plan. *See* § 5C1.2; § 3553(f). Thus, Arreola-Escalante has not shown that he truthfully provided all information to the Government and, thus, he has not shown that the district court erred in denying safety-valve relief. *See United States v. Flanagan*, 80 F.3d 143, 146-47 (5th Cir. 1996); § 5C1.2(a)(5); § 3553(f)(5).

AFFIRMED.