REVISED December 15, 2015

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-11262
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 14, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

REGINALD GUY; ABBAS ZAHEDI,

Defendants-Appellants

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 4:14-CR-87-4
USDC No. 4:14-CR-87-2

Before WIENER, HIGGINSON, and COSTA, Circuit Judges.

PER CURIAM:[*]

Defendants-Appellants Reginald Guy and Abbas Zahedi were convicted by a jury of one count of conspiracy to commit health care fraud, five counts of health care fraud, and four counts of aggravated identity theft. Guy was sentenced to a total of 156 months of imprisonment, three years of supervised

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-11262

release, and restitution of $2,406,844.  Zahedi was sentenced to a total of 145 months of imprisonment, three years of supervised release, and the same amount of restitution.  They appeal their convictions and sentences.

1. Zahedi

Zahedi argues that the evidence was insufficient to support his conviction for a single conspiracy because the evidence established two separate conspiracies.  He preserved his objection, so we review his sufficiency challenge de novo.  *See United States v. Grant*, 683 F.3d 639, 642 (5th Cir. 2012).

The evidence was sufficient for a reasonable factfinder to find that Zahedi and others participated in a single overall conspiracy to commit health care fraud.  *See Grant*, 683 F.3d at 643.  The evidence established that Zahedi, a chiropractor, allowed Metroplex Sports Rehab Center (Metroplex) to submit false claims for services he did not provide, and he received a percentage of the health insurance payments.  After Zahedi opened another clinic, he continued to submit false bills, using Gregory Wattron's provider identification number, and he continued to coordinate with James Sterns, the owner and operator of Metroplex, to prevent double billing.  The jury's finding that there was a single overall conspiracy is supported by the evidence.  *See United States v. Morrow*, 177 F.3d 272, 291 (5th Cir. 1999).

Zahedi also contends that there was a material variance between the indictment and the evidence presented at trial.  Zahedi did not raise this objection in the district court, so our review is limited to the plain error standard.  *See United States v. Collins*, 774 F.3d 256, 262 (5th Cir. 2014); *see also Puckett v. United States*, 556 U.S. 129, 135 (2009).

Zahedi has not shown that there was a material variance between the indictment and the evidence presented at trial.  The indictment specifically

alleged that Zahedi and others conspired to commit health care fraud at Metroplex and continued the same scheme at DFW Rehab and Diagnostics (DFW).  The government presented sufficient evidence to establish that Zahedi participated in a single overall conspiracy, so he failed to show that there was a material variance between the indictment and the evidence presented at trial.  *See United States v. Mitchell*, 484 F.3d 762, 770 (5th Cir. 2007); *United States v. Lewis*, 476 F.3d 369, 384 (5th Cir. 2007).  But even if there had been a variance, Zahedi has not shown that it affected his substantial rights for purposes of plain error review because the government established Zahedi's involvement in at least one of the proved conspiracies.  *See Mitchell*, 484 F.3d at 770.

Zahedi also contends that the indictment was duplicitous because it charged multiple conspiracies in a single count.  As he concedes, he did not raise this contention in the district court.  "Objections to the indictment, such as objections on the basis of duplicity, must be raised prior to trial."  *United States v. Creech*, 408 F.3d 264, 270 (5th Cir. 2005) (internal quotation marks and citation omitted).  Zahedi waived this issue by failing to raise it prior to trial.  *See id.*  In any case, as discussed above, the evidence showed one conspiracy, so the indictment was not duplicitous.

Zahedi next asserts that the district court erred in finding that he was responsible for the money billed and collected by Metroplex after he withdrew from the conspiracy.  He did not raise this argument in the district court, so our review is limited to plain error.  *See Puckett*, 556 U.S. at 135.  He has not shown that the district court plainly erred in finding that he was responsible for a loss of less than $2,500,000.  Ordinarily, the district court's finding of loss is a factual one reviewed for clear error.  *See United States v. Harris*, 597 F.3d 242, 250-51 (5th Cir. 2010).  The failure to object to a district court's factual

finding forecloses our reversal on plain error review because "[q]uestions of fact capable of resolution by the district court on proper objection at sentencing can never constitute plain error." *United States v Claiborne*, 676 F.3d 434, 438 (5th Cir. 2012). Neither has Zahedi shown that the district court plainly erred in finding him responsible for this loss amount because the evidence established a single overall conspiracy from which he did not withdraw. And Zahedi would be responsible for the entire loss because he was responsible for the reasonably foreseeable relevant conduct of his coconspirators. *See United States v. Torres*, 114 F.3d 520, 527 (5th Cir. 1997); *United States v. Scurlock*, 52 F.3d 531, 540 (5th Cir. 1995).

Zahedi next asserts that his 145-month within-guidelines sentence was substantively unreasonable and disproportionate to his codefendants' sentences. Zahedi's within-guidelines sentence is presumptively reasonable. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 360 (5th Cir. 2009). The district court considered the record, the presentence report (PSR), and Zahedi's arguments, then determined that a sentence within the advisory guidelines range was appropriate. Zahedi has not shown that there was a sentencing disparity among similarly situated defendants nationwide, and his focus on his nonsimilar codefendants is misplaced. *See United States v. Candia*, 454 F.3d 468, 476 (5th Cir. 2006). Zahedi has failed to rebut the presumption of reasonableness. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

For the first time on appeal, Zahedi contends that the district court violated his due process rights by improperly imposing a harsher sentence on him for exercising his right to a jury trial. Our review is again limited to plain error. *See Puckett*, 556 U.S. at 135. Because Zahedi's codefendants received leniency from the government based on their agreement to cooperate and

testify against Zahedi and Guy at trial, he has shown no due process violation. *See United States v. Devine*, 934 F.2d 1325, 1338-39 (5th Cir. 1991).

2.  Guy

Guy argues that the district court erred in imposing a two-level sentence enhancement for obstruction of justice because it did not make specific fact findings, it relied on nonmaterial testimony, and the PSR did not identify his alleged false testimony.  Guy did not make these objections in the district court, so our review is limited to plain error.  *See Puckett*, 556 U.S. at 135.  The district court's finding that Guy obstructed justice is a factual finding.  *See United States v. Juarez-Duarte*, 513 F.3d 204, 208 (5th Cir. 2008).  Guy's failure to object to the district court's factual finding forecloses appellate review.  *See Claiborne*, 676 F.3d at 438.  Even if review is not foreclosed, the district court did not plainly err in finding that Guy obstructed justice by testifying falsely at trial.  The PSR expressly stated, and provided record citations to show, that Guy's testimony was in conflict with the evidence presented at trial and the jury's findings.  The district court adopted the PSR and did not plainly err in ruling that the obstruction of justice enhancement was warranted based on Guy's false testimony.  *See United States v. Perez-Solis*, 709 F.3d 453, 469 (5th Cir. 2013); *United States v. Flores*, 640 F.3d 638, 644 (5th Cir. 2011).

Guy next contends that the district court erred in imposing a three-level enhancement under U.S.S.G. § 3B1.1(b) based on its finding that he was a manager or supervisor.  Guy was a union representative at Lear Corporation and used that position to recruit Lear employees to be patients at Metroplex and DFW.  The patients participated in the conspiracy by allowing Metroplex and DFW to use their health insurance information to submit fraudulent bills.  *See* U.S.S.G. § 3B1.1, comment. (n.1).  Guy's recruitment of patients supports the district court's finding that he was a manager or supervisor.  *See United*

*States v. Rodriguez-Lopez*, 756 F.3d 422, 434-435 (5th Cir. 2014).  He also delivered payments to the patients, worked at Metroplex, submitted fraudulent bills, was involved in meetings and had input in decisions at Metroplex, and helped create fraudulent patient files in an attempt to conceal the fraud.  Moreover, Sterns testified that without Guy's participation, the magnitude of the conspiracy would not have been as great.  The district court did not clearly err in finding that he was a supervisor or manager and imposing the three-level enhancement under § 3B1.1.  *See id.*

Guy further contends that the district court erred in determining that he should be held responsible for a loss amount of approximately $3,000,000.  After considering the PSR, Blue Cross's fee schedule, and Guy's arguments, the district court made a reasonable determination that the loss should be based on the fee schedules, rather than the amount billed or the amount actually paid.  *See United States v. Umawa Oke Imo*, 739 F.3d 226, 240 (5th Cir. 2014).  Therefore, Guy has not shown that the district court clearly erred in finding that the loss was approximately $3,000,000.  *See Harris*, 597 F.3d at 250-51 (5th Cir. 2010).

For the first time on appeal, Guy argues that the allowed amount should not be used because of the lack of information concerning the allowed amounts.  As there was no objection, this factual determination cannot be plain error.  *See Claiborne*, 676 F.3d at 438.  And, as Guy did not present any evidence to demonstrate that the allowed amounts in the fee schedule were inaccurate, the district court did not plainly err in using those amounts to make a reasonable estimate of the loss.  *See Umawa Oke Imo*, 739 F.3d at 240; *see also United States v. Harris*, 702 F.3d 226, 231 (5th Cir. 2012).

AFFIRMED.