# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-40200
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 23, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

TIMOTHY WAYNE HARRIS, JR.,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:12-CV-47-1

Before WIENER, HIGGINSON, and COSTA, Circuit Judges.

PER CURIAM:[*]

Timothy Wayne Harris, Jr., appeals his conviction on five counts of a superseding indictment and his within–guidelines sentence totaling 522 months. A jury found him guilty of conspiracy to carjack, two counts of carjacking, and two counts of using or carrying a firearm during and in relation to the carjacking offenses.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-40200

Harris argues that the district court failed to arraign him on the superseding indictment.  Because Harris did not raise this objection until after the trial was completed, we review for plain error.  *See* FED. R. CRIM. P. 52(b); *Puckett v. United States*, 556 U.S. 129, 135 (2009).  To establish plain error, a defendant must show (1) an error; (2) that is clear or obvious; and that (3) affects his substantial rights.  *Puckett*, 556 U.S. at 135.  If he makes such a showing, we have the discretion to correct the error only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *Id.*

Both parties note that after the jury was sworn, the district court read the indictment in open court.  Harris, who was present, then pleaded not guilty to each count of the superseding indictment.  This arguably satisfies the notice requirements of the Sixth Amendment and Federal Rule of Criminal Procedure 10(a)(2) and the presence requirement of Rule 43(a)(1).  Harris therefore has not shown clear or obvious error that affected his substantial rights.  *See Puckett*, 556 U.S. at 135.

Harris also challenges the sufficiency of the evidence to support his convictions on the firearms counts.  Because Harris did not raise this issue in the district court, we again review for plain error.  *See United States v. Delgado*, 672 F.3d 320, 330-32 (5th Cir. 2012) (en banc).  Harris argues that in light of the definition of a firearm, 18 U.S.C. § 921(a)(3), the Government was required to prove that the firearm was not an antique.  Although this court has not addressed the issue, every circuit to consider the question has held that the antique weapons exception is "an affirmative defense that must initially be raised by sufficient evidence to justify shifting a burden of proof to the government." *United States v. Lawrence*, 349 F.3d 109, 122-23 (3rd Cir. 2003) (citing cases).  Given these numerous circuits that have rejected Harris's position, and the fact that this Circuit has not yet addressed the issue, any

2

error cannot be clear or obvious. *See United States v. Evans*, 587 F.3d 667, 671 (5th Cir. 2009).

As to his sentence, Harris argues that the district court procedurally erred by applying the two-level enhancement for obstruction of justice pursuant to U.S.S.G. § 3C1.1 (Nov. 2014). Because Harris raised it in the district court, we review de novo his argument that the district court must make a finding of malingering related to a competency hearing before the sentencing. *See United States v. Claiborne*, 676 F.3d 434, 437 (5th Cir. 2012). His argument is not supported by *United States v. Aldawsari*, 740 F.3d 1015, 1021 (5th Cir.), *cert. denied*, 135 S. Ct. 160 (2014). It is contradicted by *United States v. Greer*, 158 F.3d 228, 238 (5th Cir. 1998), which indicates that a finding that a defendant malingered in order to avoid trial may be made at sentencing. And, of course, the normal course is to address Sentencing Guidelines issues during the sentencing hearing. We therefore find no error in the stage of the proceeding at which the district court made this finding of obstruction.

For the first time on appeal, Harris argues that the district court's finding is unsupported by any evidence that he had a specific intent to malinger or that he was malingering in order to avoid the judicial system. "When a defendant object[ed] to his sentence on grounds different from those raised on appeal, we review the new arguments raised on appeal for plain error only." *United States v. Garcia-Perez*, 779 F.3d 278, 281 (5th Cir. 2015) (internal quotation marks and footnoted citation omitted). The district court adopted the unrebutted findings of the presentence report. *See United States v. Ochoa-Gomez*, 777 F.3d 278, 282 (5th Cir. 2015); *United States v. Alaniz*, 726 F.3d 586, 619 (5th Cir. 2013). The court's determination that Harris obstructed justice by malingering to avoid trial is a factual finding that can never constitute plain error. *See Claiborne*, 676 F.3d at 438; *see also United States*

*v. Lopez*, 923 F.2d 47, 50 (5th Cir. 1991). Even aside from the plain error posture, we do not find that the district court clearly erred in finding that Harris was malingering.

AFFIRMED.