# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-30686
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
August 6, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

LEWIS ARMSTRONG, also known as L.L.,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:16-CR-125-3

Before BARKSDALE, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Lewis Armstrong challenges the below Sentencing Guidelines sentence of 115 months' imprisonment for his guilty-plea conviction of conspiracy to distribute, and possess with intent to distribute, a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841 (b)(1)(C), and 846. He claims: the Government breached the plea agreement when it waited until after the agreement to argue that the

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

attributable Guidelines drug quantity should be based on "pure" methamphetamine; there was insufficient evidence of the purity of the methamphetamine for purposes of the Guidelines offense-level calculation; and the district court clearly erred in denying a mitigating-role adjustment under Guideline § 3B1.2(b).

Armstrong did not advance in district court the specific claim that the Government breached the plea agreement. *United States v. Hebron*, 684 F.3d 554, 558 (5th Cir. 2012); *United States v. Neal*, 578 F.3d 270, 272 (5th Cir. 2009) ("To preserve error, an objection must be sufficiently specific to alert the district court to the nature of the alleged error and to provide an opportunity for correction."). Because Armstrong did not do so, review is only for plain error. *E.g.*, *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012). Under that standard, he must show a forfeited plain error (clear or obvious error, rather than one subject to reasonable dispute) that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes that showing, we have the discretion to correct such reversible plain error, but generally should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". *Id.*

"In determining whether the Government violated a plea agreement, this court considers whether the Government's conduct was consistent with the defendant's reasonable understanding of the agreement." *United States v. Munoz*, 408 F.3d 222, 226 (5th Cir. 2005) (internal quotation marks and citations omitted). We apply "general principles of contract law in interpreting the terms of a plea agreement, . . . look[ing] to the language of the contract, unless ambiguous, to determine the intention of the parties". *United States v. Long*, 722 F.3d 257, 262 (5th Cir. 2013) (internal quotation marks and citations omitted). Armstrong has not shown the requisite clear or obvious error because

he has not pointed to any provision of the agreement prohibiting the Government from advocating for an attributable drug quantity based on "pure" methamphetamine at the sentencing stage. *United States v. Hinojosa*, 749 F.3d 407, 413 (5th Cir. 2014).

Although post-*Booker*, the Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 48–51 (2007). If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

As to Armstrong's challenge to the evidentiary basis for the drug-purity Guidelines calculation, the issue is likewise subject only to plain-error review because he did not raise the precise issue in district court. *Neal*, 578 F.3d at 272. Instead, his claim at sentencing was based entirely on the language of the indictment. Moreover, because the attributable drug quantity is a factual issue at sentencing, *United States v. Betancourt*, 422 F.3d 240, 246 (5th Cir. 2005), it is not reviewable under the plain-error standard, *United States v. Claiborne*, 676 F.3d 434, 438 (5th Cir. 2012).

For Armstrong's challenge to the denial of a mitigating-role adjustment under Guideline § 3B1.2(b), we need not determine the appropriate standard of review because it is unavailing even if preserved. Whether defendant is subject to a mitigating-role adjustment is a factual finding reviewed for clear error. *United States v. Torres-Hernandez*, 843 F.3d 203, 207 (5th Cir. 2016).

No. 17-30686

The record supports a plausible inference Armstrong understood the scope of the conspiracy, had sufficiently substantial responsibility and discretion in his criminal actions, and stood to benefit from his acts. U.S.S.G. § 3B1.2 cmt. n.3(C). Therefore, the court did not commit clear error in denying the adjustment. *United States v. Bello-Sanchez*, 872 F.3d 260, 264–65 (5th Cir. 2017); *Torres-Hernandez*, 843 F.3d at 209–10; *United States v. Villanueva*, 408 F.3d 193, 204 (5th Cir. 2005).

AFFIRMED.