# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-10604

United States Court of Appeals
Fifth Circuit

**FILED**
August 9, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DOMINIC LINDSEY,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:17-CR-512-1

Before HIGGINBOTHAM, SMITH, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Dominic Lindsey pled guilty to being a felon in possession of a firearm and possessing with intent to distribute a controlled substance. He appeals the district court's decision to run his 78-month, within-guidelines sentence consecutively to anticipated sentences on numerous pending state charges.

Lindsey's unpreserved arguments challenging the consecutiveness of his sentence under U.S.S.G. § 5G1.3 raise fact questions pertaining to whether the conduct underlying his three previous arrests was sufficiently connected or

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-10604

related to the underlying offense so as to qualify it as relevant conduct under U.S.S.G. § 1B1.3.  "Questions of fact capable of resolution by the district court upon proper objection at sentencing can never constitute plain error."  *United States v. Lopez*, 923 F.2d 47, 50 (5th Cir. 1991).

Lindsey argues that other precedents undermine the *Lopez* holding regarding the impossibility of plain error as to fact questions.  *See United States v. Olano*, 507 U.S. 725, 732-34 (1993); *United States v. Calverley*, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc).  Those decisions addressed only legal error and do not effectively overrule *Lopez.*

A significant indication of the acceptance of this standard is that, according to the Government's brief in this appeal, this Circuit has applied *Lopez* over 100 times to resolve factual disputes.  Without repeating the research, we have no reason to doubt the approximation.  Further, our court has done more than just ritualistically repeat the standard.  On occasion, panel members have engaged with its reasonableness.  At some length, one judge explained why "plain error review should not be applied to . . . [a] purely factual determination," while another judge in the same case took the opposite position.  *See United States v. Claiborne*, 676 F.3d 434, 438-40 (5th Cir. 2012) (Jones, C.J., concurring); *id.* at 440-44 (Prado, J., concurring).  Of fundamental importance, a panel has no authority to overturn this court's precedent.  *See United States v. Walker*, 302 F.3d 322, 324-25 (5th Cir. 2002).

Finally, this case is a poor vehicle for suggesting our well-settled rule creates unfairness.  Which if any among Lindsey's prior offenses were relevant conduct could easily have been addressed by the district court if an objection had been made.  At most, what is missing from the record is an explanation.  An objection should have been employed to prompt one.

AFFIRMED.