# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-50186
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
January 17, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BENJAMIN SALGADO

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:18-CR-181-1

Before BENAVIDES, GRAVES, and HO, Circuit Judges.

PER CURIAM:*

Benjamin Salgado appeals the within-guidelines sentence of 264 months of imprisonment imposed for his conviction of conspiracy to possess with intent to distribute methamphetamine. In his sole argument on appeal, Salgado asserts that the district court erred by including one pound of undelivered methamphetamine in the relevant drug quantity because he never intended to

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

deliver that amount to the confidential informant.   *See* U.S.S.G. § 2D1.1, comment. (n.5).

This challenge to the drug quantity is subject to plain error review because Salgado did not advance the specific argument to the district court that he advances here.  *See United States v. Neal*, 578 F.3d 270, 272 (5th Cir. 2009).   Instead, his argument at sentencing was based on the lack of an agreement to deliver the pound of methamphetamine.   Given that the attributable drug quantity is a factual issue at sentencing, *United States v. Betancourt*, 422 F.3d 240, 246 (5th Cir. 2005), it is not reviewable under the plain error standard, *United States v. Claiborne*, 676 F.3d 434, 438 (5th Cir. 2012), because "[q]uestions of fact capable of resolution by the district court upon proper objection at sentencing can never constitute plain error," *United States v. Lopez*, 923 F.2d 47, 50 (5th Cir. 1991).  Even if Salgado preserved the alleged error in the district court, Salgado cannot establish clear error as the district court's finding that he negotiated the sale of one pound of methamphetamine to the confidential informant was plausible in light of the record as a whole.  *See United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

The judgment of the district court is AFFIRMED.