# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
February 14, 2020

Lyle W. Cayce
Clerk

No. 18-50382
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

TEOFILO VELA DIAZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:17-CR-723-1

Before WIENER, HAYNES, and COSTA, Circuit Judges.

PER CURIAM:[*]

A jury convicted Defendant-Appellant Teofilo Vela Diaz of conspiracy to import methamphetamine, and he was sentenced below the advisory guidelines range to 300 months of imprisonment followed by 10 years of supervised release. He asserts that (1) the evidence was insufficient to prove that he knowingly possessed a controlled substance because the Government presented no evidence that he knew the specific type or quantity of drugs

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-50382

discovered in a codefendant's car, and (2) the district court erred by holding him accountable for the quantity of methamphetamine discovered in the car for purposes of determining his base offense level.  *See* U.S.S.G. § 2D1.1(a).

Relying on *Rehaif v. United States*, 139 S. Ct. 914 (2019), and seeking to preserve the issue for further review, Vela Diaz contends that the Government did not prove his knowledge of the drug type and quantity involved in the offense.  He concedes that (1) relief on this issue is foreclosed by *United States v. Betancourt*, 586 F.3d 303, 308-09 (5th Cir. 2009), and (2) the Government is not required to prove knowledge of the drug type and quantity as an element of a 21 U.S.C. § 841 offense.  Neither is knowledge of drug type and quantity an element that must be proved to achieve a conviction for an offense under the related drug importation statutes, 21 U.S.C. §§ 952(a) and 960(a).  *United States v. Restrepo-Granda*, 575 F.2d 524, 527 (5th Cir. 1978); *see United States v. Valencia-Gonzales*, 172 F.3d 344, 345-46 (5th Cir. 1999).  The Government was thus not required to prove that Vela Diaz knew the type and quantity of the controlled substance involved in his drug importation offense.

It is arguable that Vela Diaz waived any challenge to the drug quantity by objecting in the district court to the total offense level and then indicating at sentencing that he had no objection to the base offense level.  *See United States v. Rico,* 864 F.3d 381, 383 (5th Cir. 2017); *see also United States v. Arviso-Mata*, 442 F.3d 382, 384 (5th Cir. 2006).  But even if the argument is not waived, it is subject to plain error review.  *See United States v. Rojas*, 812 F.3d 382, 413 (5th Cir. 2016).  The attributable drug quantity is a factual issue at sentencing, *United States v. Betancourt*, 422 F.3d 240, 246 (5th Cir. 2005), so it is not reviewable under the plain error standard, *United States v. Claiborne*, 676 F.3d 434, 438 (5th Cir. 2012), since "[q]uestions of fact capable

No. 18-50382

of resolution by the district court upon proper objection at sentencing can never constitute plain error," *United States v. Lopez*, 923 F.2d 47, 50 (5th Cir.1991).

Regardless of the foregoing observations, the record reflects that the district court properly determined that Vela Diaz should be held accountable for the methamphetamine discovered in the car because his direct involvement in importing the drug or based on his relevant conduct, or both.  *See* U.S.S.G. § 1B1.3(a)(1)(B).  Finally, given the district court's observation at sentencing that Vela Diaz assisted others in importing the methamphetamine and the court's adoption of the presentence report, Vela Diaz has shown no error, plain or otherwise, in connection with his contention that the relevant conduct findings were inadequate.  *See United States v. Carreon*, 11 F.3d 1225, 1231, 1236 (5th Cir. 1994).

We note that Vela Diaz pleaded not guilty and proceeded to trial but that the written judgment states that he pleaded guilty to Count One of the indictment.  This is a clerical error that is subject to correction pursuant to Federal Rule of Criminal Procedure 36.  *See United States v. Mackay*, 757 F.3d 195, 196 (5th Cir. 2014).

The judgment of the district court is AFFIRMED, and the matter is remanded for correction of the clerical error in the judgment.